RECEIVED

MAR 10 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**UNITED STATES DISTRICT COURT**
DISTRICT OF ALASKA

PETITION
WRIT OF *HABEAS CORPUS*
UNDER 28 U.S.C. § 2254

COURT USE ONLY
(UNLESS YOU ARE FILING AN AMENDED PETITION, AND YOU ALREADY HAVE A CASE NUMBER)

CASE NO. 3:08-CV-00039-TMB-DMS

Name: Albert Allen

Prisoner No. 134892

Place of Confinement: Red Rock Correctional Center, 1752 E. Arica Road, Eloy, Arizona, 85231

Name of Petitioner (name under which convicted):
Albert Lee Allen

v.

Respondent (authorized person with custody of petitioner, such as the warden or superintendent -- not the State of Alaska)
Garland Armstrong -Director

## PETITION

1. Name and location of the court that entered the judgment of conviction under attack:
   In The Superior Court for the State of Alaska, At Anchorage, Court of Appeals, Supreme Court for the State of Alaska

2. Date of Judgment of Conviction: _____
   Case Number: 3AN-94-4614 CR

3. What was your Plea? (Check one)
   Guilty ☐   Not Guilty ☒   Nolo Contendere ☐

   a. If you entered a guilty plea to one count of the indictment and a not guilty plea to another count give details: _____

_____
_____
_____

b. If you entered a plea of guilty under a plea bargain agreement state the terms and conditions of the agreement: _____
_____
_____
_____
_____

4. Were you sentenced on more than one count of an indictment, in the same court at the same time?
   Yes ☐   No ☒

5. What was (were) the count(s) of which you were convicted? (All Counts) __Murder 2__
_____
_____

6. Type of Trial (Check one only)        Jury ☒   Judge Only ☐
7. Did you testify at trial?   Yes ☒   No ☐
8. Length of sentence   __66 years__
9. Do you have any **future state court sentence** to serve after you complete the sentence imposed by the judgment under attack?   Yes ☒   No ☐

   If "**yes**," you must add the state's **Attorney General** as an **additional respondent**. If you have a sentence to be served now or in the future under a **federal judgment** that you wish to attack, you should file a motion under 28 U.S.C. **§ 2255,** in the federal court that entered that judgment.

   a. **If yes**, give the name and location of the court that imposed the sentence to be served in the future:
      __Superior Court for The State of Alaska, District Court for the State of Alaska__
   b. Length of sentence: __2 years__  __6 months 20 days__   Date to begin: _____
   c. Have you filed, or do you contemplate filing, any petition attacking the judgment that imposed the sentence to be served in the future?   Yes ☐   No ☒

10. Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

   a. If yes, Docket Number (if you know): _____

   b. Result: _____
   _____

   c. Date of Result: _____

   d. Case Citation (if you know): _____

   e. Grounds raised: _____
   _____
   _____
   _____
   _____
   _____
   _____

CAUTION: *In order to proceed in federal court, you must first **exhaust** your state court remedies as to each ground on which you request action by the federal court.* You are cautioned that there is a **one-year limitations period** in which to file a habeas petition in federal court, and that a petition brought under § 2254 will be dismissed if not brought within that period, unless there are "extraordinary circumstances" beyond your control that made it impossible to file your petition on time. The one year limitations period is tolled (suspended) during any **state** court post-conviction proceedings.[1] If you file a petition in federal court before you have fully exhausted your claim(s) in state court, the federal petition will **not** toll the statute of limitations.

---

[1] 28 U.S.C. § 2244(d)(1): A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

11.  If your judgment of conviction became final over one year ago, explain why the one-year statute of limitations does not bar your petition: __No__

---

### GROUNDS FOR RELIEF

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. You may also have grounds that are not listed here. Do not check any of these listed grounds. If you select any of these grounds for relief, you must allege **facts**. The petition will be returned to you if you merely check specific grounds.

   a.   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea.
   b.   Conviction obtained by use of coerced confession.
   c.   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
   d.   Conviction obtained by use of evidence gained pursuant to an unlawful arrest.
   e.   Conviction obtained by a violation of the privilege against self-incrimination.
   f.   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   g.   Conviction obtained by a violation of the protection against double jeopardy.
   h.   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   i.   Denial of effective assistance of counsel.
   j.   Denial of right of appeal

State each ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize *briefly and concisely* the facts supporting each ground. If you claim more than three grounds, make copies of blank pages 5 - 6, and attach those pages stating additional grounds and *facts* that support those grounds. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a future action.

12. **Ground 1 (a – j)** F (just one), or other: Conviction obtained by the un-constitutional failure of the prosecution to disclose to the defendant

    **Supporting FACTS** (State *briefly*, without citing cases or law) The Prosecution knowingly failed to disclose evidence favorable to the defendant. In light of the defendant defense, was of self, State failed to call eye witness to the events which occurred June 14/15, 1994. Defendant was entited to all evidence favorable to defense. The Court of Appeals was ask to set aside conviction, Order an evidentary hearing in Superior Court to weigh the evidence not presented at trial through State or defense Counsel. A petition for hearing was filed with affidavits from witness which supported defendant's testimony. This includes the 66 year sentence.

13. **Exhaustion of state court remedies regarding Ground 1:**

    ☞ **Direct Appeal:**
    a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

    Yes ☒  No ☐  Result: Affirmed Conviction
    A-7430
    Case No. 3AN-94-4614 CR   Date of Decision: March 15, 1999
    August 29, 2001
    If no, why not? _____

    b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

    Yes ☒  No ☐  Result: Denied
    S-10729                                12-16-2002
    Case No. S-12663   Date of Decision: 10-26-07 A.I.A.
    If no, why not? _____

    ☞ **Post-Conviction:**
    c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

    Yes ☒  No ☐  Name of Court: Superior Court
    Case No. 3AN-03-06451 CI   Date Petition Filed: 7-31-2003

Did you receive an evidentiary hearing?  Yes ☐  No ☒

Result: _____  Date of Result: _____

If you did not raise this issue, why not? _____

d. Did you appeal *this issue* to the Alaska Court of Appeals?  Yes ☒  No ☐

Result: _Denial of Petition_

Case No. _A-9343_  Date of Result: _____

If no, Why not? _____

e. Did you appeal *this issue* to the Alaska Supreme Court?  Yes ☒  No ☐

Result: _Denial Petition_

Case No. _S-12663_  Date of Result: _October 26, 2007_

If no, why not? _____

☞ **Other Proceedings:**

f. Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on *this issue* (such as administrative remedies)?  Yes ☒  No ☐

If yes, explain: _I filed a complaint with the Judicial Committee against Trial Judge D. Souter for exparte communication with juror during deliberations._

14. **Ground 2 (a – j)** ___ (just one), or other: _____

**Supporting FACTS** (State *briefly*, without citing cases or law) _____

_____
_____
_____
_____
_____
_____
_____

15. **Exhaustion of state court remedies regarding Ground 2:**

    ☞ **Direct Appeal:**
    a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

    Yes ☒   No ☐   Result: __Denial_____
    Case No. S- ~~12663~~ 9343 A· ~~9343~~ 7430 A/A Date of Decision: ~~03-16-2007~~ August 29, 2001  A/A
    If no, why not? _____

    b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

    Yes ☒   No ☐   Result: __Denial_____
    Case No. S- ~~12668~~ S-10729 A/A Date of Decision: ~~10-26-2007~~ 12-16-02  A·I·A
    If no, why not? _____

    ☞ **Post-Conviction:**
    c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

    Yes ☒   No ☐   Name of Court: __Superior Court of Alaska, At Anchorage__
    Case No. __3AN-03-6951 CIV__   Date Petition Filed: __July 31, 2003__
    Did you receive an evidentiary hearing?  Yes ☐   No ☒
    Result: _____   Date of Result: _____
    If you did not raise this issue, why not? _____

    d. Did you appeal *this issue* to the Alaska Court of Appeals?  Yes ☒   No ☐
    Result: __Denied    Affirmed__
    Case No. __A 9343__   Date of Result: __03-16-2007__

If no, why not? _____

e. Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☒   No ☐
Result: Denied
Case No. S-12663            Date of Result: 10-26-07
If no, why not? _____

☞ **Other Proceedings:**

f. Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on *this issue* (such as administrative remedies)?   Yes ☒   No ☐

If yes, explain: A Complaint was filed with the Alaska Commission on the Judicial Conduct on Judge Souter for exparte communication with juror outside of the present of defendant which was found through Executive Director Marla Greenstein to have elapsed of time to investigate on June 27, 2005.

16. **Ground 3** (a – j) ___   (just one), or other: _____

**Supporting FACTS** (State *briefly*, without citing cases or law) _____

17. **Exhaustion of state court remedies regarding Ground 3:**

   ☞ **Direct Appeal:**

   a. Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

   Yes ☐   No ☐   Result: _____

   Case No. _____ Date of Decision: _____

   If no, why not? _____

   b. Did you raise *this issue* on direct appeal from the conviction to the Alaska Supreme Court?

   Yes ☐   No ☐   Result: _____

   Case No. _____ Date of Decision: _____

   If no, why not? _____

   ☞ **Post-Conviction:**

   c. Did you raise *this issue* in a petition for post-conviction relief or state petition for *habeas corpus*?

   Yes ☐   No ☐   Name of Court: _____

   Case No. _____ Date Petition Filed: _____

   Did you receive an evidentiary hearing?   Yes ☐   No ☐

   Result: _____ Date of Result: _____

   If you did not raise this issue, why not? _____

   d. Did you appeal *this issue* to the Alaska Court of Appeals?   Yes ☐   No ☐

   Result: _____

   Case No. _____ Date of Result: _____

   If no, why not? _____

   e. Did you appeal *this issue* to the Alaska Supreme Court?   Yes ☐   No ☐

   Result: _____

   Case No. _____ Date of Result: _____

If no, why not? _____

_____

☞ **Other Proceedings:**

f. Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on *this issue* (such as administrative remedies)?   Yes ☐   No ☐

If yes, explain: _____

_____

_____

_____

18. Have ***all grounds*** raised in this petition been presented to the highest state court having jurisdiction? Yes ☒   No ☐

   a. If no, which grounds have not been presented? _____

   _____

   b. Explain reasons for not presenting grounds: _____

   _____

   _____

   **Attach a copy the highest state court written decision(s) regarding this conviction.**

   If you have not attached copies of your state court written decisions, why not? _____

   _____

   _____

### SUCCESSIVE PETITIONS

19. Is this the first *federal* petition for writ of *habeas corpus* challenging this conviction? Yes ☒ No ☐

   a. If no, in what court was the prior action filed? _____

   _____  Case No. _____

   b. Was the prior case: (Check one)   Denied on the merits ☐   or Dismissed on procedural grounds ☐

   c. Date of decision _____

   d. Are there any issues raised in this petition that were raised in the prior petition?   Yes ☒   No ☐

   e. If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition?   Yes ☐   No ☒

If yes, please attach a copy of the order.   Attached?  Yes ☐  No ☐

*** **YOU MUST OBTAIN PERMISSION BEFORE FILING YOUR SUCCESSIVE PETITION.** ***

20. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment being attacked:

   a. Preliminary Hearing: Sidney Billingslea #8601001 & Christine Schleuss #7811132 604 W 2nd Ave, Anch, AK, 99501 - 500 L Street, Suite 300 Anchorage, AK. 99501

   b. Trial: Christine Schleuss, Sidney Billingslea

   c. Sentencing: Sidney Billingslea, Christine Schleuss

   d. Appeal: Paul Malin   Public Defender Agency   900 West Fifth Avenue, Suite 200 Anchorage, AK. 99501

   e. Post-conviction Proceeding: Linda Wilson   David Lowery   Public Defender Agency   900 W. 5th Ave., Suite 200 Anchorage AK, 99501

   f. Appeal from adverse ruling in Post-Conviction Proceeding: Daniel Lowery - Public Defender Agency 900 W 5Th Ave, Suite 200 Anchorage, AK. 99501

21. Do you have any petition, application, motion or appeal (or by any other means) now pending in any court regarding the conviction that you are challenging in this action?  Yes ☒   No ☐

If yes, state the name of the court and the nature of the proceedings: Alaska's Supreme Court Motion for Reconciteration denial Petition on the Evidence denied by the Courts

Date you are mailing (or handing to correctional officer) this petition to the Court: _____

**WHEREFORE,** petitioner prays that the Court grant petitioner such relief to which petitioner is entitled in this federal petition for writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody.

_Albert L. Allen_
Signature of Petitioner

_____
Signature of Attorney (if any)

_Albert L. Allen_
(Signature of person who prepared this petition, if not Petitioner)

_____
Typewritten/Printed Name of Attorney

Albert L. Allen
Typewritten/Printed Name of Person who prepared this petition

Address of Attorney:

Address of Person who Prepared Petition:
1752 E, Arica Rd
Eloy, AZ, 85231

### DECLARATION UNDER PENALTY OF PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT.**

Executed at: Red Rock Correctional Center      Date: 2-26-08
             Location where signed

_Albert Allen_                                  134892
Signature of Petitioner                         Inmate Number

Albert L. Allen #134892
Red Rock Correctional Ctr.
1752 E, Arica Rd
Eloy, Az. 85231

United States District Court
District of Alaska
District of Court
Clerk of Court   U.S. Courthouse
Federal Building
222 W. 7th Avenue #4
Anchorage, Ak. 99513-7564