Terisia K. Chleborad (8912091)
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: terisia.chleborad@alaska.gov

Attorney for Respondent Bruno Stolc

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALBERT L. ALLEN,              ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| vs.   ) | Case No. 3:08-cv-0039-DMS |
| ) | |
| BRUNO STOLC,   ) | |
| ) | |
| ) | |
| Respondent.   ) | |
| ) | |

MOTION TO DISMISS AMENDED PETITION
FOR WRIT OF HABEAS CORPUS FOR
FAILURE TO EXHAUST STATE-COURT REMEDIES
AND ANSWER TO AMENDED PETITION

A.   Introduction

Allen has filed a supplemental petition for writ of *habeas corpus*, alleging seven claims for relief. [Doc. Nos. 1, 19] Those claims were not exhausted in the state courts of Alaska. Allen failed to present some of his

claims to either the Alaska Court of Appeals or the Alaska Supreme Court. Allen procedurally defaulted on other claims, which is an independent and adequate grounds for the dismissal of his claims that precludes him from presenting them to this court for habeas corpus review.

B. <u>The Legal Standards for Habeas Corpus Relief</u>

Under 28 U.S.C. § 2254(b)(1)(A), a writ of habeas corpus shall not issue unless "the applicant has exhausted the remedies available in the courts of the state." The rationale behind the exhaustion requirement is to ensure state-federal comity, allowing state courts an adequate opportunity to correct asserted federal constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999); *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 512 (1971).

To exhaust state-court remedies, a defendant must explicitly assert a federal constitutional claim in the state court. The Fourth Circuit aptly described this exhaustion requirement, nothing that "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (internal quotation marks and citations omitted). The Ninth Circuit has similarly stated, "If a party wants a state court to decide whether she was deprived of a federal constitutional right, she must say so." *Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005). And "it has to be clear from the petition filed *at*

2

*each level* in the state court system that the petition is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition." *Id.* (emphasis supplied).

A petitioner also fails to exhaust his federal claims in state court when the state court dismissed his claims based on adequate and independent state law grounds. *Moreno v. Gonzalez,* 116 F.3d 409, 409-10 (9th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If a state court rejected a petitioner's claim on procedural grounds, that ruling precludes subsequent federal habeas review of that claim. *Id.* A federal habeas petitioner who fails to raise his claims in state court, or who attempted to raise his claims in a manner not permitted by state procedural rules, is barred from pursuing those claims in federal court absent a showing of cause for, and prejudice from, the default, or absent a showing that a fundamental miscarriage of justice will occur without review of the defaulted claims. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2505 (1977). A "fundamental miscarriage of justice" occurs in only the extraordinary case, where the constitutional violation resulted in the conviction of a person who is actually innocent. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The petitioner has the burden of proving that he has exhausted his state court remedies. *Guttierez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

Case 3:08-cv-00039-RRB-DMS   Document 24   Filed 02/02/09   Page 4 of 15

4

C.  Background Facts

This case arose as a consequence of Allen killing Devron Labat. Both Allen and Labat had been romantically involved with Michelle Aquino. *Allen v. State*, 153 P.3d 1019, 1020 (Alaska App. 2007). One early morning during the summer of 1994, and in the company of two female companions, Labat went to Allen's apartment intent on convincing Allen to stay away from Aquino. *Id*. After an unfriendly conversation, Labat and his companions left Allen's apartment. *Id*.

Allen then looked out his window and saw Labat near his (Allen's) truck. 153 P.3d at 1020. Allen armed himself with a butcher knife and crawled out of his apartment through a window and approached Labat. *Id*. Labat saw Allen and started running away. *Id*. Allen gave chase, caught up to Labat, and stabbed Labat in the stomach. *Id*. Allen then banged Labat's head against the pavement and kicked him. *Id*. Labat died from the stab wound. *Id*.

D.  Procedural Facts

After three trials, a jury convicted Allen of second-degree murder. Allen filed a merit appeal in which he challenged his conviction and sentence. Exhibit A (Allen's opening brief). The Alaska Court of Appeals affirmed Allen's convictions. *See Allen v. State*, 51 P.3d 949 (Alaska App. 2002) ("*Allen I*," a copy of which is attached as exhibit B). Allen then sought a rehearing in the court of appeals (exhibit C) regarding particular sentencing issues and the court of

5

appeals again affirmed Allen's sentence. *See Allen v. State*, 56 P.3d 683 ("*Allen II*," a copy of which is attached as exhibit D).

Allen then sought review of the court of appeals' decisions in a petition for hearing that he filed in the Alaska Supreme Court. Exhibit E, (petition for hearing). The Alaska Supreme Court denied Allen's petition. Exhibit F (order).

Allen subsequently filed an application for post-conviction relief in state superior court alleging that he had received ineffective assistance of counsel at his trial. Exhibit G (amended application for post-conviction relief). Allen also asserted that his sentence was illegal under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004). *Id.* at 26. The state moved to dismiss Allen's petition for failure to state a prima facie case for relief and Allen opposed that motion. Exhibit H (Allen's opposition). Superior Court Judge Peter Michalski concluded that Allen had failed to establish a prima facie case as to his various claims and dismissed Allen's application. Exhibit I (opinion and order granting motion to dismiss post-conviction relief application). Allen then appealed the dismissal of his application to the Alaska Court of Appeals. Exhibit J (opening brief on appeal). That court affirmed the dismissal of Allen's application for post-conviction relief. *See Allen v. State*, 153 P.3d 1019 (Alaska App. 2007) ("*Allen III*," a copy of which is attached as Exhibit K).

6

Allen also sought review of that court of appeals' decision in a petition for hearing that he filed in the Alaska Supreme Court. Exhibit L (petition for hearing). The Alaska Supreme Court denied that petition also. Exhibit M (order).

### E. Allen's Seven Habeas Corpus Claims

Allen's claims are stated in the original petition for habeas corpus relief that he filed *pro se* and the supplemental petition that his counsel has filed. [Doc. 1, 19] Allen's supplemental petition appears to have stated more clearly the claims from Allen's pro se petition, except that it does not include Allen's claim of a discovery violation by the prosecution. [*Compare* doc. 1 at 5 *with* doc. 19] Between Allen's original petition and his supplemental petition for habeas relief, Allen has made seven claims for habeas corpus relief:

1. that the prosecution failed to disclose evidence favorable to Allen [Docs. 1 at 5];

2. that his trial counsel was ineffective for not locating prior to trial potential defense witness Jim Snyder [Doc. 19 at 14];

3. that his trial counsel was ineffective for not locating prior to trial potential defense witness Michelle Kary Arms [Doc. 19 at 15];

4. that his trial counsel was ineffective for not locating prior to trial potential defense witness Michelle Estell [Doc. 19 at 15];

5. that his trial counsel was ineffective for not objecting to the language of the jury instruction regarding self defense [Doc. 19 at 15];

6. that the dismissal of his post-conviction relief action without a hearing violated his right to due process [Doc. 19 at 16-17];

7. that the court of appeals' consideration of Allen's sentence appeal constituted a denial of due process [Doc. 19 at 17].

F. Allen Failed To Fully Present Claims (1), (4), and (5)

*1. Claim (1) – an alleged discovery violation*

As to the claim of a discovery violation alleged in Allen's original *pro se* petition, Allen has stated no fact that explains or supports this allegation. [Doc. 1 at 5] Significant to the issue of exhaustion, however, is that Allen did not present a discovery-violation claim in the petition for hearing that he presented to the Alaska Supreme Court (the petition from his merit appeal). *See* Ex. E. Because Allen did not present his claim of discovery violation to the Alaska Supreme Court, he failed to exhaust the remedies available to him in state court as to that claim. *See Zichko v. Idaho,* 247 F.3d 1015, 1022 (9th Cir. 2001) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-33 (1999), and stating that a habeas petitioner must present his claims to the state's highest court in order to satisfy the exhaustion requirement).

8

> 2. *Claim (4) – trial counsel was ineffective for not locating potential trial witness Michelle Estell*

In his post-conviction relief action, Allen alleged that his trial counsel had provided ineffective assistance by failing to call four witnesses to testify in his defense at trial, including Jim Snyder, Michelle Kary Arms, Michelle Acquino, and Michelle Estell. Exhibit G at 11-15 (amended post-conviction relief application). Allen's post-conviction relief action was dismissed for failure to state a prima facie case. *Allen v. State*, 153 P.2d 1019, 1021 (Alaska App. 2007). In appealing that dismissal order, Allen no longer argued that the trial court's ruling regarding Acquino and Estell was erroneous. Exhibit J at 11-12 (Allen's appeal brief). Allen thereby abandoned his argument regarding Acquino and Estell. *See Carpentino v. State*, 42 P.3d 1137, 1139 (Alaska App. 2002).

After the Court of Appeals denied his appeal, Allen filed with the Alaska Supreme Court a petition for hearing. (Exhibit K) Allen did not assert in that petition that his trial counsel provided ineffective assistance in not calling Estell to testify at trial.

Having failed to present his claim to the Alaska Court of Appeals and the Alaska Supreme Court regarding Estell, Allen did not exhaust his state court remedies regarding his claim that his trial counsel provided ineffective assistance by not more thoroughly investigate Estell and calling her to testify as part of Allen's defense at trial.

9

    3.    *Claim (5) – trial counsel was ineffective for not objecting to the self-defense jury instruction*

In his appeal to the Alaska Court of Appeals and in his petition for hearing to the Alaska Supreme Court regarding his post-conviction relief application, Allen did not argue that his trial counsel was ineffective in not objecting to the language of the self-defense jury instruction. Ex. J, Ex. L. Having failed to present this claim to the state courts of Alaska, Allen did not exhaust his state-court remedies regarding this claim.

Because Allen did not exhaust his state-court remedies on all of the claims that he has presented to this court, his petition must be dismissed.

    G.    <u>Claims (2) and (3) Were Not Fully Presented in the State Courts and Claims (2), (3), and (6) Were Procedurally Defaulted</u>

In claims (2) and (3), Allen argues that his trial counsel was ineffective for not locating prior to trial potential defense witnesses Jim Snyder and Michelle Kary Arms. [Doc. 19 at 14, 15] In claim (6), Allen argues that in his action for post-conviction relief in the state superior court, he was denied a hearing regarding claims (2) and (3). [Doc. 19 at 16-17]

The state superior court dismissed Allen's post-conviction relief application for failure to state a prima facie case for relief. Ex. I. Allen appealed the order dismissing his application, but in doing so he did not present the court of appeals with his claims that his trial counsel had been ineffective in not locating Snyder and Arms prior to trial. *See* Ex. J at 2. Instead, Allen argued to

the court of appeals that the superior court should have permitted him a hearing regarding claims (2) and (3). *Id.* at 2, 12.

The court of appeals denied Allen's appeal on the ground that the trial court properly dismissed his claims for failure to state a prima facie case. Ex. K. Allen then filed a petition for a hearing to the Alaska Supreme Court. But he did not argue in his petition that his trial counsel had provided ineffective assistance regarding witnesses Snyder and Arms. Because Allen did not argue to the court of appeals and the Alaska Supreme Court that his trial counsel had been ineffective regarding potential witnesses Snyder and Arms, Allen did not provide the appellate courts of Alaska with an opportunity to directly consider claims (2) and (3). Therefore Allen did not fully present his claims in the state courts. For this reason alone, claims (2) and (3) are unexhausted.

Claims (2), (3), and (6) are also unexhausted because they were dismissed on state-law procedural grounds. *Cf. Zichko*, 247 F.3d at 1021 (although applicant had adequately presented federal claim of ineffective assistance of counsel to state courts, the fact that his claim was procedurally defaulted under state law precluded him from maintaining his claim for habeas corpus relief). Specifically, the superior court dismissed Allen's claims regarding his counsel's inability to locate witnesses Snyder and Arms because Allen failed to present a prima facie case before proceeding further as required under Alaska

state law. Ex. I. The court of appeals also affirmed the dismissal of Allen's post-conviction relief application for failure to state a prima facie case. Ex. K.

In Alaska, applications for post-conviction relief are governed by Alaska Criminal Rule 35.1. Litigation proceeds under that rule in three distinct phases. *State v. Jones,* 759 P.2d 558, 565 (Alaska App. 1988). In the first phase, the applicant must state a prima facie case for relief in which he states specific facts that support his claim. *Id.* He must also provide supporting documentation for his claim. *Id.* The second phase begins with the state's response to the merits of the claim and includes motions for summary judgment. *Id.* at 565-66. The third and last phase is an evidentiary hearing. *Id.* If the applicant has not presented a prima facie case for relief in the first phase, however, the application is subject to dismissal at the first phase of the litigation (the equivalent of a Civil Rule 12 proceeding). *Id.* at 565.

The Alaska Court of Appeals held that Allen's application did not state a prima facie case for relief for multiple reasons. Ex. K at 8-12. First, Allen failed to support his application with affidavits from Snyder and Arms. *Id.* at 8-9. Second, Allen's assertion that the efforts of his counsel to locate Snyder and Arms constituted ineffective assistance was conclusory and not supported with evidence. *Id.* at 10-11.

It is well-established under Alaska law that a defendant's application for post-conviction relief cannot be based on hearsay statements – it

must be supported by the witness's own affidavit. *See Tall v. State*, 25 P.3d 704, 708 (Alaska App. 2001). Neither can the application be based on statements that are simply conclusory. *Burton v. State*, 180 P.3d 964, 970-71 (Alaska App. 2008); *LaBrake v. State*, 152 P.3d 474, 480-81 (Alaska App. 2007); *Serradell v. State,* 129 P.3d 461, 463 (Alaska App. 2006); *Billy v. State*, 5 P.3d 888, 889 (Alaska App. 2000). Because Allen had not stated a prima facie case for relief, he was not entitled to an evidentiary hearing.

Because claims (2), (3), and (6) were dismissed on state procedural grounds, Allen did not exhaust the constitutional basis for his claims in state court. Allen is therefore barred from further pursuing claims (2), (3), and (6) in this action for habeas corpus relief.

H.  Claim (7) Was Not Properly Presented in the State Courts

In claim (7), Allen contends that the court of appeals' consideration of his sentence appeal constituted a denial of due process. [Doc. 19 at 17] In his petition for hearing to the Alaska Supreme Court, Allen argued that the superior court's and court of appeals' consideration of factors in aggravation and mitigation of his sentence violated due process. Ex. E at 4-8. Although Allen stated in his petition that both the federal and state constitution "protect due process of law," Allen did not identify a particular federal case or statute that was controlling and that had been violated. *Id.* at 8 n.16. Presenting the state court with a claim of a broad constitutional principle, such as due process, equal

13

protection, or the right to a fair trial, is insufficient to establish that the applicant squarely presented his federal claim to the state court. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 2081 (1996)). Because Allen did not clearly present a federal constitutional claim to the Alaska Supreme Court in his petition for hearing, his claim is unexhausted.

   I.   Answer to Allen's *Habeas Corpus* Claims

Allen's petition should be dismissed because his claims are unexhausted. Should this court determine, however, that some of Allen's claims are exhausted and others are not, his petition should still be dismissed. A petition that contains both exhausted and unexhausted claims must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

The respondent also answers Allen's petition. The respondent denies each of Allen's claims listed above. Allen cannot show that the Alaska Supreme Court's rejection of his claims was contrary to, or involved an unreasonable application of, Supreme Court precedent. Neither can Allen show that no state remedies were available to him regarding his claims for habeas corpus relief.

DATED February 2, 2009, at Anchorage, Alaska.

> TALIS J. COLBERG
> ATTORNEY GENERAL
>
> Terisia K. Chleborad
> Assistant Attorney General
> State of Alaska, Dept. of Law
> Office of Special Prosecutions
>    and Appeals
> 310 K St., Suite 308
> Anchorage, Alaska 99501
> Telephone: (907) 269-6250
> Facsimile: (907) 269-6270
> e-mail: terisia.chleborad@alaska.gov
> Alaska Bar. No. 8912091

**Certificate of Service**

I certify that on February 2, 2009, a copy of the foregoing MOTION TO DISMISS AMENDED PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE-COURT REMEDIES AND ANSWER TO AMENDED PETITION was served electronically on Averil Lerman.

s/ Terisia K. Chleborad