# IN THE SUPREME COURT OF THE STATE OF ALASKA

## DOCKETING STATEMENT B

For Use With Petitions for Hearing, Petitions for Review, and Original Applications and as a Notice of Intent to File Sentence Petition

(for court system use)

CIrc FC /7/26/07 BAH

RECEIVED JUN 25 2007

Filed JUN 2007 Appellate Courts of the State of Alaska

No. S-12663

**INSTRUCTIONS FOR MULTIPLE PARTIES OR ATTORNEYS:** If there are multiple parties or attorneys, repeat the appropriate box. This may be done on a separate page. Please clearly indicate which attorney represents which party.

## 1. TYPE OF PETITION

| Type of Petition | Court of Appeals or Superior Court Case Number | Date of Distribution of Decision or Order to be Reviewed | Superior Court Judge | Subsequent Proceedings |
|---|---|---|---|---|
| a. [X] Petition for Hearing from Court of Appeals | A-9343 Civ. 3AN-03-6451 | | | Petition for Rehearing: [ ] not filed. [ ] filed. Date filed: _____ [ ] Date of distribution of order denying petition: _____ |
| b. [ ] Petition for Hearing from Superior Court | | | | |
| c. [ ] Petition for Review [ ] Notice of Intent to file Sentence Petition | | | | Motion for Reconsideration: [ ] not filed. [ ] filed. Date filed: _____ [ ] denied by order distribution: _____ [ ] deemed denied under Civil Rule 77(k)(4). |
| d. [ ] Original Application [ ] from Court of Appeals case. No. _____ [ ] from trial court case. No. _____ . Judge _____ [ ] Other. Explain: _____ | | | | |

## 2. PETITIONER

| a. Name ALBERT ALLEN | b. Status in the Trial Court [ ] Plaintiff  [X] Defendant [ ] Other. Specify: _____ |
|---|---|
| c. Petitioner mailing address (**not** attorney's address) RED ROCK CORR. CTR. 1752 E. ARICA Rd. | |
| City ELOY,  State Az.  Zip Code 85231 | d. Telephone |

## 3. PETITIONER'S ATTORNEY

| a. Name None (Pro se) | b. Bar Number | |
|---|---|---|
| c. Attorney mailing address | d. Telephone | e. Fax |
| City  State  Zip Code | f. Firm/Agency | |

## 4. RESPONDENT

| a. Name State of Alaska | b. Status in the Trial Court [X] Plaintiff  [ ] Defendant [ ] Other. Specify: _____ |
|---|---|
| c. Respondent mailing address 310 K Street Ste. 308 | |
| City Anchorage, Ak.  State  Zip Code 99501 | d. Telephone |

SCT-B (rev. 6/05)

## 4. RESPONDENT'S ATTORNEY

| a. Name | | b. Bar Number | |
|---|---|---|---|
| Ken Rosenstein | ☐ Court Apptd | | |
| c. Attorney mailing address | | d. Telephone | e. Fax |
| 310 K Street Ste.308 | | | |
| City | State | Zip Code | f. Firm/Agency |
| Anchorage, Ak. | | 99501 | OSPA |

## 5. CONSTITUTIONAL ISSUES

Is the constitutionality of a state statute or regulation at issue in this proceeding  ☒ Yes  ☐ No
If yes, cite statute or regulation: _____

## 6. SENTENCE PETITIONS ONLY

a. ☐ Excessiveness of the sentence is the ONLY issue

b. ☐ A transcript of the sentencing proceeding is requested because Petitioner is indigent
(If petitioner has not been adjudicated indigent by the trial court, a completed financial statement affidavit form must be attached.)

## 7. ATTACHMENTS

The following items are submitted with this form (**a, b, or c must be checked unless this is a notice of intent to file sentence petition**):

a. ☐ The original petition for review and SIX copies or ☐ petition for hearing from the superior court and SIX copies; OR

b. ☒ The original petition for hearing from the court of appeals and NINE copies; OR

c. ☐ The original application and SIX copies.

d. ☐ A copy of the judgment or order from which relief is sought attached to the original petition and EACH copy.

e. ☐ A $150 filing fee or ☒ a motion to appeal at public expense (financial statement affidavit form must be included).

　　☐ a motion to waive filing fee (if basis for motion is inability to pay, financial statement affidavit form must be included).

　　☐ no filing fee is required because appellant is ☐ represented by court-appointed counsel.

　　　　☐ the state or an agency thereof.

　　　　☐ an employee appealing denial of benefits under AS 23.20 (Employment Security Act)

f. A motion for expedited action ☐ submitted ☐ not submitted.

g. A motion for stay of trial court proceedings ☐ submitted ☐ not submitted.

_June 6th 2007_
Date

_Albert L. Allen_
Signature of Petitioner or Petitioner's Attorney

## CERTIFICATE OF SERVICE

I certify that on _7/18/07_ copy of this docketing statement and all attachments (except filing fee) were

| mailed | delivered | to **All parties** in the trial court (listed) |
|---|---|---|
| ☐ | ☒ | Ken Rosenstein /OSPA (by court tray) |
| ☐ | ☐ | |
| ☐ | ☐ | |
| ☐ | ☐ | |
| ☐ | ☐ | |

Signature: _Jon A Wade_

ALBERT LEE ALLEN
RED ROCK CORRECTIONAL CTR.
1752 E. ARICA Rd.
ELOY, AZ.
85231

IN THE SUPREME COURT FOR THE STATE OF ALASKA

ALBERT LEE ALLEN, )
   PETITIONER, )
 )
 )
V. )
 ) SUPREME COURT No. S-12663
 ) COURT OF APPEALS No. A-9343
STATE OF ALASKA, ) TRIAL COURT No. 3AN-03-6451Civ.
   RESPONDANT, )
_____ )

RECEIVED
JUN 25 2007
Clerk of the Appellate Courts
Anchorage, Alaska

## AFFIDAVIT OF PETITIONER

Petitioner, Albert Lee Allen, being first duly sworn deposes and ststes as follows:

1. I am the petitioner in this case, and proceed pro se.

2. The court has granted petitioner **pro se** status, petitioner's not knowledgeable in Supreme Law, therefore files this petition to the best of my ability.

Dated at Eloy, Arizona this 6th day of JUne, 2007.

By: Albert L. Allen

SUBSCRIBED AND SWORN to before me 6th day of June.

Veronica Castillo
NOTARY PUBLIC in and for ARIZONA.
My commission Expires: 11/8/09

"OFFICIAL SEAL"
Veronica Castillo
Notary Public-Arizona
Pima County
My Commission Expires 11/8/2009

Exhibit L
Page 3 of 15

ALBERT LEE ALLEN
RED ROCK CORRECTIONAL CTR.
1752 E.ARICA Rd.
ELOY AZ.
85231

# IN THE SUPREME COURT FOR THE STATE OF ALASKA

ALBERT LEE ALLEN,  )
    PETITIONER,  )
                    )
                    )
V.  )
                    )
                    )  SUPREME COURT No.S-12633
STATE OF ALASKA  )  COURT OF APPEALS No.A-7430
                    )  TRIAL COURT No.3AN-03-6451 CIV.
    RESPONDANT,  )

RECEIVED JUN 25 2007 Clerk of Appellate Courts Anchorage, Alaska

## PETITION FOR REVIEW

Petitioner Albert Allen,Pro se request that this court review this petition in its intirety,granting Petitioner an evidence hea-ring which will inlighten the court on the on matters neglected by counsel during trial.Petitioner petition the Supreme Court den-ovo to order the Superior Court in the interest of justice to hereby grant petitioner an evidentary hearing on remand,reversing the dismissal of petitioners ineffective claim.Petitioner has sup-porting documents which verifying Counsel ineffectiveness,provi--ng petitioners prima facie case for relief.Petitioner also ask that this court review the procedure which the trial court abused its discression when it dismissed petitioners claim that sentenc--ing violated petitioners Sixth Amendment rights to a fair and just form of punishment,which was proved to a jury at trial,beyo--nd a reasonable doubt.

## SUMMARY OF ARGUMENT

Petitioner Albert Lee Allen was tried three times on this matter,for the killing of Devron Labat,receiving 66 years in pri--son.

Exhibit L
Page 4 of 15
Case 3:08-cv-00039-RRB-SAO Document 24-18 Filed 02/02/09 Page 4 of 15
Pg. 1

Continue: Petitioner Allen's first trial ended with a hung jury, Petitioners second trial ended in an conviction for first-degree murder, which was reversed due to prosecutional misconduct, and an violation of a criminal rule by the court of Appeals, Petitioner was tried a third time. This trial ended in a conviction of an lesser offense of second degree murder. Petitioner appealed the conviction and sentence, which was affirmed by the Courts of Appeals, Petitioner Petitioned the Supreme Court which was denied. Petitioner petition the Superior Court on A State Habeas Corpus or A Post-Conviction Relief(Cr.35.1). The Superior Court dismissed Petitioners Post-Conviction Relief due to petitioner failure to obtain an affidavit from two eye witnesses, whom had first hand information about relevant materials about this case. Petitioners trial counsel was aware of these witnesses, but failed to locate them prior to all three trials. By counsel failure to try to loca--te these two witnesses, and interview them, as the post-conviction investigator had done for the post-Conviction relief hearing, the outcome of this trial would have ended quite differently for petitioner. Petitioner also argue that his trial attorney strategy fell well below the standard of a competentlawyer in a case of this magnitude. Petitioner argues that courtabused its discretion which was a violation of expost facto clause of a change in law applies retroactively, (Apprendi vs. United States) Under Stevenson vs. Lewis No.03-56303, 116 F.3d Appx 814-Violation of Due Process in sentencing phase. Sentence was based on misinformation of Constitutional magnitude. The Trial Court consideration of facts not proven to a jury beyond a reasonable doubt violates due process

Pg.2

Exhibit L
Page 5 of 15

Continue :rights under Apprendi.Any facts that increases the penalty for a crime beyond the prescribed statutory maximum,which must be submitted to a jury,and proved beyond a reasonable doubt. In Blakely,the Supreme Court relied Apprendi to hold that Washington State Sentencing Procedure violated the Sixth Amendment because it permitted a defendant to be sentenced above a standard sentencing range based on facts not found by a jury beyond a reasonable doubt.A defendant who makes this claim asserts an error of Constitutional magnitude.

## POINTS RELIED UPON FOR REVERSAL

### 1. The Court of Appeals violated Petitioners Constitutional rights under the Sixth,Eighth,and the Fourteenth Amendment.

Petitioner was subjected to a injust hearing on his ineffective assistance claim because the courts denied petitioner an evidentary hearing to verify through the witnesses which was not called at petitioners trial by trial counsels.The Courts followed the same discretion that petitioner's trial counsel took in its ineffectiveness at trial and now the post-conviction hearing which petitioner did not physically participate in.Therefore had the Court of Appeals ordered the evidentary hearing,the testimony these witnesses would have had a great impact on a jury,and thus, petitioner possibly coulh have been exonerater of these charges at trial had the court granted a evidentary hearing.

In the Case of Sanders -vs- Rider 342 F.3d 991,2003 U.S.App.Lexis 18235- The judgment denying petitioner a writ of habeas Corpus was reversed and remanded to the District Court to conduct an evi-dentiary hearing and reach the merits of the petitioners ineff-ective assistance claim.

Constitutionally,petitioner has a right to a fair hearing in the interest of justice.The assumption of the COurt of Appeal is only a theoryUnder the current circumstances,petitioner ask the Court to remand and reverse this case with instruction of these matters of importance.

Exhibit L
Page 6 of 15

## 2. Petitioners Sentence is excessive under Apprendi.

The Court of Appeals followed the Superior's court claim of re-jecting petitioners mitigating factors in this case. Under the ruling rendered by the U.S. Supreme COurt for Blakely vs. Washing--ton 542 U.S.296,124 S.ct 2531,159 L.ed 2d 403 the sentencing court must rely only on the jury's decision in rendering a sente--nce of a petitioner, by avoidance of their decision violates due process of the United States Constitution, and Alaska, which is part of America. The courts abused its discretion by agnoring the facts of the trial which was, the only cause of death was a single stab-wound to the aorta ,and not kicks, bodyslam, punching, slamming head to pavement, this was testified to by the States expert witn--ess, Dr. Propst, the defense did not call another pathologist to t-testify at trial, Therefore Allen's action was only a serious assault and not murder in the manner inwhich the court now uphold in the post-conviction relief. The Superior Court ,nor the Court of Appeal was practical in their decision to impose a sentence higher than any other second degree murder case. This was an unin-tensinal killing of an humanbeing who was the intitial agggressor ,with his accomplistes, Yourell and Famulski. Therefore, multiple paries against Allen, the petitioner in this case. Constitutionally every person has a right to have every element of his defense presented to a jury at trial and not be limited due to the lack of compatence by trial attorney's, or ,in the interest of justice, the court of Appeals dening petitioner, when an officer of the Court files an Affidavit to support petitioners evidence . Therefore, I ask the court to reverse and remand this conviction and sentence back to the lower court with instructions.

DATED at Eloy, Arizona June 6th, 2007

PETITIONER/PRO SE

By: *Albert Lee Allen*
ALBERT LEE ALLEN

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| ALBERT L. ALLEN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) ) |
| State of Alaska, | ) ) |
| Respondent, | ) ) ) |

Case No. 3AN-03-6451 CI
T/W Trial Court No. 3ANS-94-4614 CR

## AFFIDAVIT OF MICHELLE ESTELL

> **VRA CERTIFICATION**
> I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

STATE OF ALASKA            )
                           ) ss.
THIRD JUDICIAL DISTRICT    )

MICHELLE ESTELL, being first duly sworn upon oath, deposes and says:

1. I remember back in 1994, specifically June 15, 1994, an incident involving Julie Yourell. I was spending time with my boyfriend, Jermaine Goens, and we were staying at the Arctic Tern Inn. In the early morning hours we were driving in South Mountain View with another friend named Ron and saw this woman, who was later identified to me as Julie Yourell, walking along the street. My boyfriend knew her so we picked her up and she went with us back to the Arctic Tern Inn. She was bloody and she had a gun at the time. Jermaine asked her what

Exhibit L
Page 9 of 15

Case 3:08-cv-00039-RRB-SAO   Document 24-18   Filed 02/02/09   Page 9 of 15

happened. She told us that Albert had just killed Devron. I knew Albert Allen then because he was seeing my sister Denise, so I was interested in what just happened.

2. We took her back to the Arctic Tern Inn to get cleaned up. When I woke up later she was gone and Jermaine had the gun. I specifically remember seeing Julie with a gun that morning, and I remember that after she left the room, my boyfriend Jermaine had the gun. Approximately one week later Jermaine was killed. I have no idea what ever happened to the gun after that incident with Julie at the Arctic Tern. I talked to my sister that morning, June 15, 1994, and told her what I heard and saw from Julie and then we shared it with Albert Allen.

3. I was contacted in the fall of 1998 by a male investigator working for Albert Allen and talked to him over the phone. I have recently listened to that taped interview. On this tape, I told the investigator that my boyfriend, Jermaine, Ron, and I were driving and picked up Yourell sometime in the early morning hours of June 15, 1994 in South Mountain View. I told him that we took Yourell to the Arctic Tern Inn with us. I told him during that interview that I remembered there being a gun during that interaction, and that I thought it may have been a revolver, but I also told him that I did not specifically remember seeing a gun on Yourell that morning, but gave him a first name of a person, Ron, who was with me and my now deceased boyfriend, who might remember more.

4. After listening to the taped interview, the difference in what I remember now, which is accurate, and what I said then is because then I was trying to protect Jermaine's reputation and didn't want to say bad things about him, so I

was reluctant to give too much information. I specifically remember Julie having a gun at the time I interacted with her at the Arctic Tern. I am more mature now and what to do the right thing.

FURTHER AFFIANT SAYETH NAUGHT.

Michelle Estell

SUBSCRIBED AND SWORN to before me this 3 day of September 2004 at Anchorage, Alaska.

Susan A. Hedge
NOTARY PUBLIC IN AND FOR ALASKA
MY COMMISSION EXPIRES: 1/27/0?

Exhibit L
Page 11 of 15

Case 3:08-cv-00039-RRB-SAO   Document 24-18   Filed 02/02/09   Page 11 of 15

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

ALBERT L. ALLEN, )
 )
           Petitioner, )
 )
vs. )
 )
State of Alaska, )
 )
           Respondent, )
 )

Case No. 3AN-03-6451 CI
T/W Trial Court No. 3ANS-94-4614 CR

## AFFIDAVIT OF SUE HEDGE, PUBLIC DEFENDER INVESTIGATOR

> **VRA CERTIFICATION**
> I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court

STATE OF ALASKA )
                           ) ss.
THIRD JUDICIAL DISTRICT )

        SUE HEDGE, being first duly sworn upon oath, deposes and says:

        1. I have been assigned to do investigative work in the above-entitled post-conviction relief case for Mr. Allen to find and interview potential witnesses that were not called at trial in Mr. Allen's underlying criminal case, that is the subject of this application for post-conviction relief.

        2. I have reviewed the claims made by Mr. Allen regarding ineffective assistance of trial counsel that relate to witnesses not called by the defense to testify at his third trial.

3. I have reviewed the case files of trial counsel and the former investigator in my work on this case.

4. Mr. Allen claims that Michelle Acquino should have been called as a witness at his third trial. I found and contacted Michelle Acquino, now known as Michelle Ward, on January 8, 2004 and conducted a telephonic interview. She stated that both Labat and Yourell knew where she lived on June 14-15, 1994 (not with Allen) and that she had just communicated telephonically with Labat shortly before he and Yourell went over to Allen's apartment on June 15, 2004.

5. Mr. Allen claims that Jim Snyder should have been called as a witness at his third trial to testify about what he saw and heard, since he was an eyewitness. I located Jim Snyder and talked with him over the phone on December 30, 2003. I did not record the phone call, but remember the content of the conversation. He indicated to me that he still remembered the incident and was convinced that Labat had a gun on him that night, but that he had given it to Yourell in the truck just before Allen started chasing him. He remembered Allen yelling things about the gun all during the incident.

6. Mr. Allen claims that Michelle Estell should have been called as a witness to testify about her interaction with Julie Yourell the morning of the incident after she left the scene. I located Estell and tape-recorded a telephonic interview with her on December 22, 2003. She indicated that she and her boyfriend, Jermaine Goens, picked up Yourell sometime in the early morning hours in South Mountain View shortly after the incident between her, Labat, and Allen. Estell said that they took Yourell to the Arctic Tern Inn with them. She stated that Yourell was

bloody and had a gun on her. She stated that her boyfriend took the gun from Yourell. She remembered that the gun Yourell had with her was in her "hoody or jacket" pocket, or something to that effect.

7. Mr. Allen claims that Michelle Kary Arms should have been called to testify at the third trial about the threatening phone call Allen received from Labat in February of 1994. I contacted Michelle Lee (Kary) Arms and spoke with her over the phone on January 8, 2004. She stated that she remembered the phone call and was in bed with Allen and could hear Labat on the other end of the call. She remembered Labat saying he was going to come over to Albert's door "with a gun" and blow his head off. She stated that Allen was scared and upset over the threatening call. She said someone from the defense was looking for her in regard to the case, but that they didn't find her in California at the time.

FURTHER AFFIANT SAYETH NAUGHT.

*Sue Hedge*
Sue Hedge

SUBSCRIBED AND SWORN to before me this 16th day of July, 2004 at Anchorage, Alaska.

*Sonya Hewes*
NOTARY PUBLIC IN AND FOR ALASKA
MY COMMISSION EXPIRES: 8/7/07

ALASKA PUBLIC DEFENDER AGENCY
900 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
Phone (907) 334-4400

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

ALBERT L. ALLEN,  )
                  )
        Petitioner, )
                  )
vs.               )
                  )
State of Alaska,  )
                  )
        Respondent, )
                  )

Case No. 3AN-03-6451 CI
T/W Trial Court No. 3ANS-94-4614 CR

## AFFIDAVIT OF COUNSEL

**VRA CERTIFICATION**
I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

STATE OF ALASKA      )
                     ) ss.
THIRD JUDICIAL DISTRICT )

LINDA WILSON, being first duly sworn upon oath, deposes and says:

1. I am the Deputy Public Defender assigned to represent the petitioner in the above-entitled case.

2. The facts stated in the attached Amended Application for Post-Conviction Relief are true and correct to the best of my belief. They are based upon my review of the trial court files, the attorney and investigator files, transcripts from the grand jury, trial and sentencing, appellate briefs, appellate opinions and the affidavits attached to the Amended Application.

This is to certify that a copy of the foregoing is being mailed/delivered to: DR
by _____ on 7/20/04

ALASKA PUBLIC DEFENDER AGENCY
900 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
Phone (907) 334-4400

Exhibit L
Page 15 of 15