Averil Lerman
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALBERT L. ALLEN,<br><br>                  Petitioner,<br><br>   vs.<br><br>GARLAND ARMSTRONG,<br><br>               Respondent. | Case No. 3:08-cv-0039-RRB-DMS<br><br>**MOTION TO STAY HABEAS CASE<br>AND HOLD IT IN ABEYANCE<br>PENDING STATE COURT OUTCOME<br>or, in the alternative,<br>MOTION FOR EXTENSION OF TIME<br>TO FILE OPPOSITION TO STATE'S<br>MOTION TO DISMISS**<br>*Filed on Shortened Time* |

Petitioner Albert Allen, by and through counsel Averil Lerman, Staff Attorney, moves

this court to stay further proceedings in this case, and to hold this case in abeyance until Mr. Allen's

state court post-conviction proceedings are completed.

Albert Allen is presently litigating, *pro se,* a post-conviction relief proceeding in

Alaska state court, relating to the same conviction at issue in this case.  That proceeding asserts that

he was not given an adequate post-conviction review in state court, and that the court should permit

him to prove that, and to prove that post-conviction relief was warranted.  *Allen v. State*, 3AN-08-

10040 CI.  Such a claim is permitted in Alaska under *Grinols v. State*, 74 P.3d 889 (Alaska 2003).

Mr. Allen has twice requested appointed counsel in his post-conviction case, and counsel was

appointed, but withdrew on the basis that the court has to appoint different counsel under state law. The court has not yet appointed different counsel for Mr. Allen. Mr. Allen filed another motion requesting counsel, and served it on the state on February 8, 2009, but there has as yet been no decision by the court. The pendency of this state post-conviction case is the basis for this motion to stay and abey. This is addressed in more detail below.

### Prior Proceedings

Albert Allen was charged with murder for killing a man who had previously threatened him with death, and who had come to Allen's door late at night, with another person, to confront Allen. *State v. Allen*, 3AN-94-4614 CR. Allen was tried three times. The first trial resulted in a hung jury. The second trial resulted in a first-degree murder conviction and a sentence of 66 years. That conviction was reversed on direct appeal, however, because the jury had wrongfully been permitted to hear improper and prejudicial evidence. *Allen v. State*, 945 P.2d 1233 (Alaska 1995). In the third trial, the jury acquitted Allen of first-degree murder, but convicted him of second-degree murder. The court sentenced him, again, to a term of 66 years – the same sentence that had been imposed for the erroneous first-degree murder conviction.

In each of the three trials, Allen testified regarding his defense of self-defense and accident. At the sentencing, the defense requested a mitigated sentence on the basis that Allen had been significantly provoked by the man who died, Devron Labat, and thus that Allen had acted under some degree of duress or threat, and that the offense more resembled manslaughter than second-degree murder, and thus deserved a sentence in the lower end of the sentencing range. At the sentencing, however, the judge stated that he believed that Allen's conduct was actually first-degree murder, and Allen deserved the same sentence he received following his prior (reversed)

conviction for first-degree murder, notwithstanding the fact that Allen had been acquitted of murder by the final jury. The sentence relied on the court's factual conclusion that the man who was killed had not been armed when he came to Albert Allen's apartment, and that Allen had known that when he chased the man. *Allen v. State*, 56 P.3d 683, 685 (Alaska App. 2002).[1]

Mr. Allen filed a merit appeal from his conviction, which was litigated through the Alaska Court of Appeals and the Alaska Supreme Court. Mr. Allen then filed a post-conviction relief application in state court, *Allen v. State*, 3AN-03-6451. The state moved to dismiss the post-conviction case on the basis that Allen's attorneys had not put forward enough evidence to raise an issue of ineffective assistance of counsel. The case was dismissed by the superior court. Allen filed appeals from that dismissal, ending with a Petition for Hearing to the Alaska Supreme Court, which was denied on October 26, 2007.

Mr. Allen filed a *pro se* petition for habeas corpus signed by him (and given to the prison mail) on or about February 26, 2008. Doc. 1. Counsel was appointed, and filed a supplemental habeas petition for Mr. Allen on October 15, 2008. Doc. 19. On February 2, 2009, the state filed a motion to dismiss Mr. Allen's habeas petition. Doc. 24. The state's motion to dismiss is complex. The state identifies seven grounds for habeas relief identified by Allen in his habeas petitions, and then identifies 11 arguments for why many of Allen's claims should be dismissed. Doc 24.

The two principle claims the state makes can be summarized. Both of these claims concern Allen's first ground for relief, that he was deprived of effective assistance of counsel by his

---

[1] This factual finding is at the heart of Mr. Allen's ineffective assistance of trial counsel claim. See Amended Habeas, Doc. 19.

trial attorneys because they failed to locate, interview, and/or subpoena three important witnesses.[2] *See* Doc. 19, pp. 14-16.  First, the state asserts that these claims should be dismissed because Allen did not adequately present them to the Alaska appellate courts, and thus that they were not exhausted. Doc. 24.  Second, the state asserts that these claims should be dismissed because the state post-conviction court had an independent and adequate basis under Alaska law for dismissing them (namely that post-conviction counsel did not adequately plead them), and thus there should be no federal habeas review.  *Id*.

In addition to these arguments, the state's motion to dismiss also asserts that Albert Allen did not adequately exhaust his ineffective claim regarding his trial lawyer's failure to obtain the right self-defense instruction.  *Id*.

Accordingly, the state's dismissal motion asserts that Albert's claims are either unexhausted or were appropriately dismissed under state law because they were not adequately presented to the state court.  Alaska provides a post-conviction petitioner with a legal avenue in which to insure that he has had an adequate post-conviction process.  Allen is pursuing that option right now, in state court, for the purpose of obtaining relief from the state court by adequately

---

[2]  These witnesses were Michelle Kary Arms, Jim Snyder, and Michelle Estell.  Michelle Kary Arms could have testified that she had previously heard the alleged victim, Devron Labat, threaten to shoot Albert Allen.  Jim Snyder was an eyewitness to the events that resulted in Labat's death, and could have testified that Labat had gone to Allen's house that night with a gun, which Labat had passed to his companion, Julie Yourell.  Michelle Estell could have testified that she saw Julie Yourell that night, after Labat had died, and that Yourell had a gun in her possession.  None of these witnesses were called by the defense.  All of this testimony was central to Allen's defense, that he was terrified when he had been approached by Labat, and that he did not mean to kill him, but only to defend himself.  Allen's intent was critical not only to his conviction, but also to his sentence.

presenting his post-conviction claims for review.  This process is likely to substantially affect the state's claims that Allen has not exhausted his state remedies.

Allen disputes the state's dismissal motion, but he recognizes that the present state post-conviction proceeding is likely to either resolve Allen's claim at the state level, or to permit Albert to complete the process of exhausting his federal claims (to the extent that is necessary).  For either reason, it makes sense to proceed first with the state proceedings, and then with the federal proceedings.

### "Stay and Abey" Order Is Warranted

Under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), a habeas petitioner can only obtain relief from a federal court if the claims in his habeas petition are exhausted.  Prior to the 1996 revision of the habeas statutes by the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], unexhausted or "mixed" petitions (petitions containing both exhausted and unexhausted claims) were simply dismissed, with the idea that the petitioner could finish exhausting the claims and then refile the habeas petition.  The attenuated statute of limitations added by the AEDPA required a different approach.

In *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the United States Supreme Court approved the "stay and abey" procedure, allowing the district court to stay a mixed petition rather than dismissing it, holding the federal proceeding in abeyance, and permitting the petitioner to exhaust his unexhausted claims in state court.  The decision to grant such a motion is in the discretion of the District Court.  Once the petitioner has exhausted the claims in state court, the federal court can lift the stay and proceed with the litigation of all claims.  This

procedure is appropriate when the unexhausted claims are not plainly meritless, and there is good cause for the petitioner's failure to exhaust state remedies.

It is more efficient and more appropriate for the federal court to evaluate Mr. Allen's habeas case after the state court issues are fully resolved, both as a matter of comity and as a matter of judicial economy. It is appropriate to stay this action until such time as Mr. Allen's state court litigation is completed. Mr. Allen proposes that he be charged with notifying the federal court of the status of his state court litigation, filing a brief status report every 90 days. He proposes that the requested stay be imposed until 60 days after the date that he learns that the Alaska Supreme Court has issued its final decision regarding his collateral attacks on his state conviction.

In the alternative, should the court not grant the stay-and-abey motion, Allen requests an extension of time in which to oppose the state's dismissal motion. The motion is actually multiple dismissal motions, identifying numerous grounds (including non-exhaustion) for at least six different claims made by Mr. Allen. Response to this motion requires an extended analysis of the limitations of "independent and adequate" grounds for state court action, as well as an analysis of the requirement that a federal habeas claim first have been "fairly presented" to the state courts. The record in this case involves more than 10 years of litigation in at least six different litigations. The stakes for Mr. Allen are extremely high. The alternative request for an extension of time is supported by the Affidavit of Averil Lerman, attached hereto. Mr. Allen respectfully submits, however, that the correct course of action is to stay this case until state post-conviction proceedings are completed.

///

///

DATED this 20th day of March, 2009.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Averil Lerman
Staff Attorney
Alaska Bar No. 8309092
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
averil_lerman@fd.org

Certification:

I certify that on March 20, 2009, a copy of the
foregoing document, with attachments, was
served electronically on:

Terisia K. Chleborad, Esq.
Kenneth M. Rosenstein, Esq.

/s/ Averil Lerman