Averil Lerman
Staff Attorney
Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALBERT LEE ALLEN,<br><br>           Petitioner,<br><br>vs.<br><br>GARLAND ARMSTRONG,<br><br>           Respondent. | Case No. 3:08-cv-00039-RRB-DMS<br><br>**AFFIDAVIT OF AVERIL LERMAN** |

STATE OF ALASKA         )
                                    ) ss.
THIRD JUDICIAL DISTRICT  )

       Averil Lerman, being first duly sworn upon oath, deposes and states:

       1.     I am an attorney in the office of the Federal Public Defender assigned to assist in representing defendant in the above-captioned case.

       2.     The state's motion to dismiss Mr. Allen's habeas petition is a complex motion, or group of motions, because the state seeks to dismiss each of Mr. Allen's claims

for relief, generally for several different reasons. Regarding Mr. Allen's assertion that he was deprived of effective assistance of trial counsel as a result of trial counsel's failure to obtain three necessary witnesses at trial, for example, the state asserts first that those claims were not exhausted at the state level, and second that the state court dismissed those claims on the basis of an independent and adequate state ground. Doc. 24. As to Mr. Allen's claim that defense counsel was ineffective in failing to object to an inadequate self-defense instruction, the state asserts that the claim was not exhausted at the state level. *Id.* As to Allen's claim that the Alaska state courts violated due process by refusing to review his sentence, when other similarly-situated defendants were granted appellate review, the state asserts that Allen has not adequately exhausted his claim. *Id*.

3. I had hoped to be able to oppose the state's motion to dismiss quickly, but as I reviewed the motion, and researched the areas it raised, two things became clear to me.

4. First, I recognized that Mr. Allen's post-conviction processes in Alaska state court are ongoing, and that a post-conviction case has been again opened in connection with the same conviction at issue here. I also recognized the extent to which his recent post-conviction case raises issues directly relevant to the issues raised by the state motion to dismiss, insofar as Allen's claims are that he was not given an adequate post-conviction review because his post-conviction attorney did not do everything that should have been done (a valid claim in Alaska which, if successful, would entitle Mr. Allen to proceed with his

initial post-conviction litigation). It appeared to me that proceeding on the federal habeas in advance of the completion of Mr. Allen's state post-conviction process would be extremely inefficient, and against Mr. Allen's interests.

5. Second, I recognized that responding to the state's motion(s) will require extended legal research and analysis regarding what it means to have "fairly presented" an issue for decision to the state courts (in response to the non-exhaustion claim), and regarding what an "independent" and "adequate" state court ground is, and what it is not (in response to the state's alternative claim). This response will require a significant amount of time.

6. I have not had time to complete my work on this motion, due to competing deadlines. I filed a 51-page brief with the Ninth Circuit Court of Appeals on February 6, 2009, in *Noyakuk v. Turnbull*, No. 08-35946. On February 12, 2009, I filed a Second Amended Petition for Habeas Corpus and two oppositions to motions to dismiss in *Mute v. Stolc*, No. 4:08-cv-10. On February 13, 2009, I filed Objections to Initial Report and Recommendation in *Edwin v. Schmidt*, 3:08-cv-4. On February 20, 2009, I filed a motion to stay deadlines in this case. I was occupied with casework for other clients, and with work on an independent project, as well as medical care, during the last week of February. I filed a 43-page brief with the Ninth Circuit Court of Appeals on March 13, 2009, in *Wright v. Volland*, No. 08-35724, which was prepared on an expedited basis pursuant to court order. The briefing and argument of the *Wright v. Volland* appeal have been expedited by the Ninth Circuit Court of Appeals. I will receive the state's brief on Friday, March 27, 2009, and my

reply will be due five working days later, on April 3, 2009. I expect the reply brief to take almost all of my available time that week. I am going to my family's Passover reunion in Washington, D.C., on April 8, 2009, returning on April 13, 2009.

7. I therefore request an extension of time until April 27 to file the opposition to the state's motions to dismiss, should such an extension be necessary. As is set out in the attached motion, this request is made only in the alternative – Mr. Allen's principle request is that this case be stayed pending completion of the state court post-conviction proceedings. A motion for extension of time to file the opposition is made only in the alternative, should the motion for stay not be granted.

8. I spoke to Terisia Chleborad on the telephone regarding the motion to stay and abey. She stated that she will need to consider the state's response to the motion.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

/s/ Averil Lerman
Staff Attorney
Alaska Bar No. 8309092
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph: (907) 646-3400
Fax: (907) 646-3480
averil_lerman@fd.org

SUBSCRIBED AND SWORN to before me this 20th day of March, 2009.

STATE OF ALASKA
NOTARY PUBLIC
Lenora L. Roehling
My Commission Expires: March 14, 2011

Notary Public in and for Alaska
My Commission Expires: 3/14/2011

*Albert Lee Allen v. Garland Armstrong*
Case No. 3:08-cv-0039-RRB-DMS

Page 4

Certification:

I certify that on March 20, 2009, a copy of the foregoing document, with attachments, was served electronically on:

Kenneth Rosenstein, Esq.
Terisia Chleborad, Esq.

/s/ Averil Lerman