Terisia K. Chleborad
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: terisia.chleborad@alaska.gov

Attorney for Respondent Garland Armstrong

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALBERT L. ALLEN,          ) | |
|          ) | |
|     Petitioner,     ) | Case No. 3:08-cv-0039-DMS |
|          ) | |
|   vs.          ) | OPPOSITION TO MOTION TO |
|          ) | STAY HABEAS CASE |
| GARLAND ARMSTRONG,   ) | AND NON-OPPOSITION TO |
|          ) | MOTION FOR EXTENSION OF |
|          ) | TIME |
|     Respondent.   ) | |
| _____) | |

Dismissal of this case should not be stayed.  Prompt dismissal is the only correct court action because all of Allen's claims are unexhausted.  *See Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554 (1991) (holding that a federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims).

In his motion for a stay, Allen mistakenly relies on *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005).  [Doc. 30]  Rhines' application for habeas

corpus relief in federal court included both claims that had been exhausted in state court and others that had not.  The Supreme Court approved staying the federal habeas corpus action to allow Rhines to complete a pending state-habeas DNA proceeding.  544 U.S. at 270, 125 S.Ct. at 1530-31.  The Court permitted the stay because the Antiterrorism and Death Penalty Act (AEDPA) had added a one-year limitation period for filing federal habeas applications.   544 U.S. at 269, 125 S.Ct. at 1530.  The stay permitted Rhines to present his unexhausted claims to the state court without losing his right to federal habeas review on the exhausted claims.  *Id.*

*Rhines* has no applicability here because Allen has no claim before this court in which he exhausted his state court remedies.  As set out in the respondent's motion to dismiss Allen's amended petition, Allen failed to present all seven of the claims for habeas corpus relief first to the state courts.  Also, as to Allen's second, third, and sixth claims, Allen procedurally defaulted in state court on adequate and independent state-law grounds.  [Doc. 24]  Claims that are dismissed on state-law grounds are also considered unexhausted and therefore not a proper basis for habeas corpus relief.  *Cf. Zichko v. Idaho*, 247 F.3d  1015, 1021 (9th Cir. 2001) (although applicant had adequately presented federal claim of ineffective assistance of counsel to state courts, the fact that his claim was procedurally defaulted under state law precluded him from maintaining his claim for habeas corpus relief).  Because none of Allen's seven

claims were properly presented in state court and because three of those claims were decided on independent and adequate state law grounds, there is no basis for this court to consider whether the state court made an unreasonable application of established Federal law as determined by the Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 364, 120 S.Ct. 1495, 1498 (2000).

In *Rhines*, the Supreme Court did not in any way suggest that it was modifying the *Coleman* rule that a petition that contains all unexhausted claims should be dismissed. Furthermore, the Ninth Circuit has expressly declined to extend *Rhines* to a case in which the federal habeas petition contains only unexhausted claims, even where the record showed that the petitioner could have included exhausted claims in his petition. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154, (9th Cir. 2006). Thus, there is not a single claim for this court to properly retain in abeyance while Allen pursues another post-conviction relief action in state court.

Even if this court should determine that Allen's petition includes exhausted claims, Allen's motion for a stay should be denied. In *Rhines* the Supreme Court authorized district courts to stay a mixed petition only in a limited circumstance. 544 U.S. at 273-75, 277-78, 125 S.Ct. at 1533-35. The Supreme Court cautioned that if the stay-and-abeyance procedure were used too frequently, the AEDPA would be undermined. *Id*. at 277-78, 125 S.Ct. at 1535. To obtain a stay of a mixed petition, the petitioner has the burden to establish

(1) good cause for his failure to exhaust his state court remedies, (2) that his unexhausted claims are not meritless, and (3) that he has not intentionally engaged in dilatory litigation tactics. *Id; and see Carter v. Friel*, 415 F.Supp.2d 1314, 1317 (D. Utah 2006) (petitioner, as movant, has burden to show he is entitled to a stay under *Rhines* factors).

In *Rhines* the Supreme Court did not explain the showing necessary for a petitioner to establish good cause for the stay of a federal petition while he exhausts claims in state court. *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1206 (C.D. Cal. 2005). The Supreme Court, however, has stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely would ordinarily constitute 'good cause' for him to file" a protective petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S.Ct. 1807, 1813 (2005). The Ninth Circuit has held that good cause for a stay under *Rhines* does not require a petitioner to show that extraordinary circumstances prohibited him from exhausting his claims. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). District courts in the Ninth Circuit have applied a range of standards for determining good cause for a stay under *Rhines*. In *Hernandez v. Yat*es, ___ F.Supp.2d ___, 2007 WL 2221058 *1 (E.D. Cal. August 1, (2007), the court applied an "excusable neglect" criteria which took into account factors such as length of delay, whether delay was caused by factors beyond the petitioner's control, good faith, and prejudice to the respondent. Yet another court applied

the standard for procedural default law, requiring that the petitioner show that the failure to exhaust state court remedies resulted from an "objective factor external to the petitioner" that could not fairly be attributed to him.  *See Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005).  But good cause for the failure to exhaust state court remedies is not established simply by a claim of ineffective assistance of counsel.  *Carter*, 415 F.Supp.2d at 1318-19.

Allen's motion for a stay makes no attempt to establish good cause for his failure to exhaust his state court remedies as to each of the seven claims in his federal habeas petition.  *See Carter*, 415 F.Supp.2d at 1315 (the factors in *Rhines* must be applied to each of the petitioner's habeas corpus claims). Neither does Allen's motion attempt to show that his unexhausted claims are not meritless and that he has not intentionally engaged in dilatory litigation tactics. Furthermore, Allen has not even shown that the claims pending before the state court are the same unexhausted claims that he has made to this court. Therefore, even if Allen's petition included both exhausted and unexhausted claims, Allen has failed to satisfy the *Rhines'* requirements for a stay.

<u>Conclusion</u>

This court should make a determination that the Allen did not exhaust his state court remedies as to the seven claims for habeas corpus relief pending before this court. This court should further determine that because Allen did not exhaust his state court remedies as to these claims, no valid reason exists to stay Allen's petition for habeas corpus relief in this court. Allen's motion for a stay should be denied. The respondent does not oppose Allen's request that the time for his response to the pending motion to dismiss be extended. [Doc. 24]

DATED April 3, 2009, at Anchorage, Alaska.

WAYNE ANTHONY ROSS
ATTORNEY GENERAL

<u>Terisia K. Chleborad</u>
Assistant Attorney General
State of Alaska, Dept. of Law
Office of Special Prosecutions
 and Appeals
310 K St., Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
e-mail: terisia.chleborad@alaska.gov
Alaska Bar. No. 8912091

**Certificate of Service**

I certify that on April 3, 2009, a copy of the foregoing Opposition to Motion to Stay Habeas Case and Non-opposition to Motion for Extension of Time was served electronically on Averil Lerman.

s/ Terisia K. Chleborad