Averil Lerman
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALBERT LEE ALLEN,<br><br>    Petitioner,<br><br>vs.<br><br>GARLAND ARMSTRONG,<br><br>    Respondent. | Case No. 3:08-cv-00039-RRB-DMS<br><br>**PETITIONER'S REPLY REGARDING MOTION TO STAY AND ABEY** |

    The position taken by the state of Alaska in its opposition to Allen's motion to stay [Doc. 35] is, in essence, that the federal court should dismiss Mr. Allen's habeas case and should not stay it.  First, the state asserts that none of Mr. Allen's habeas claims has been exhausted, and thus that Allen has not filed a mixed petition, but has filed a completely un-mixed, unexhausted petition.  Under this circumstance, the state argues, no stay is appropriate.  [See Opposition, Doc. 35, pp. 1-3.]  In making this argument, the state relies heavily on the analysis it set out in its "Motion to Dismiss," filed at Doc. 24.  Prior to the filing of any opposition to that motion, further pleadings therein were halted by the court pending decision on the stay motion.  [March 23, 2009 "Order," Doc. 32.][1]  In

---

[1] Allen has not yet filed an opposition to that motion, and submits that the grant of a stay should be independent of the state's asserted grounds for dismissal, because Allen is still in litigation in state court regarding the very issues raised in this case.  Should the court reach a different conclusion on this gateway question, however, Allen would ask that he be permitted to oppose the state's dismissal motion before the state's positions stated therein are accepted as correct by the court.  Such an opposition would dispute the state's assertion that Allen's PCR was dismissed for

the alternative, the state argues that no stay should issue even if Allen's habeas is considered to be a "mixed" petition, because a stay should only be used in limited circumstances, and the goals of the AEDPA should be maintained. The state asserts that Mr. Allen has not established good cause for a stay, nor the other criteria warranting a stay, and thus his request should be denied. [Doc. 35., pp. 3-7.]

The strongest reason to grant a stay in this case is that Mr. Allen's post-conviction process in state court is not yet complete. The state court has not yet fully reviewed and decided Allen's claims. This is detailed below.

The state's first argument, that each of Mr. Allen's claims is unexhausted, is in error. The doctrine of exhaustion requires that a habeas petitioner fairly present his federal claims to each appropriate state court. 28 U.S.C.A. § 2254. "[E]xhaustion of state remedies is not a necessary precondition to the filing of a federal habeas corpus petition, but is instead a condition that must be fulfilled before relief may be granted." Hertz and Liebman, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE, § 13.3b, p. 756 (5th ed.), *citing* 28 U.S.C.A. § 2254(b), "An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." "Exhaustion of state remedies, in other words, is not jurisdictional." *Id*. at p. 756. "Accordingly, the pendency or contemplation of state postconviction proceedings does not preclude a federal district court from taking or retaining jurisdiction over habeas corpus petition and granting or extending a stay of execution pending exhaustion of state remedies." *Id.* at p. 757.

Allen raised the failure of his trial attorneys to locate and subpoena necessary witnesses to support his self-defense claim at every level of the Alaska court system. *See* the materials attached to the state's motion to dismiss, in particular his application for post-conviction relief [Doc. 24-12, pp. 8-16]; Affidavits of Trial Counsel and Investigators [Doc. 24-13, pp. 14-28]; Affidavit of Albert Allen [Doc. 24-13, pp. 29-32]. Allen raised the issue to the Alaska Court of Appeals. [*See* Albert's brief at Doc 24-16, pp. 11, 13-19, and the court's decision at Doc 24-17, pp. 1-12]. Allen raised the failure of his attorneys to call those witnesses to the Alaska Supreme Court as well. [*See* Petition for Hearing, Doc. 24-18, pp. 4-6.]

---

independent and adequate state grounds, and would dispute many of its claims of non-exhaustion and procedural default.

In his post-conviction appeal, Allen argued that the trial court should have held an evidentiary hearing to resolve conflicting claims between the two attorneys who represented Allen at trial, and issues of fact regarding the adequacy of the investigator's effort to locate the witnesses. Contrary to the suggestion of the state, this claim was made in addition to the claim that the defense failure to locate and subpoena the witnesses was ineffective assistance of counsel. [*See* Allen's Opening Brief in his PCR Appeal, Doc 24-16, pp. 9, 11, 15, 16-18.] A habeas petitioner fairly presents a claim not specifically set out in a state-court petition if it is sufficiently related to an exhausted claim. 28 U.S.C.A. § 2254; *Lounsbury v. Thompson*, 374 F.3d 785, 788 (9th Cir. 2004).

These claims were presented to the state court by Allen. That they were rejected does not mean that they were not presented. While such claims may have drawn attack on the ground that they were procedurally defaulted at the state level (as the state has asserted in its Motion to Dismiss in this case, and as Allen disputes), the claims are technically exhausted regardless of the issue of procedural default. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). The claims are cognizable in a federal habeas case, and the complaint of procedural default may be overcome during habeas litigation by a petitioner who can establish either that there was no procedural default, or establish cause and prejudice for the state-court default, or who can show that a fundamental miscarriage of justice would result if the federal court refused to consider the claim. *Coleman v. Thompson*, *supra*, 501 U.S. at 750. The state is in error, then, to conclude that any claim that may appear to have been procedurally defaulted is also necessarily unexhausted, for purposes of a stay request under *Rhines*.

Insofar as Allen still has some chance of a state remedy, at least as to certain of his claims, this habeas petition is a "mixed petition" because it is "a petition that presents some claims that have been fully exhausted and some that have yet to be fully and finally adjudicated by a state court." *Jackson v. Roe*, 425 F.3d 654, 658 (9th Cir. 2005). The doctrine of exhaustion requires a petitioner present his claims to a state court for review before seeking relief in federal court. *Calderon v. United States District Court*, 134 F.3d 981, 984 (9th Cir. 1998).

A stay is clearly warranted in this case for a number of different reasons. The policy underlying the AEDPA and underlying the notions of comity and federal restraint is that the federal courts will act in a manner that encourages state resolution of constitutional disputes, and will step in only where the state has been unwilling or unable to appropriately protect federal constitutional

rights. *Summers v. Schriro*, 481 F.3d 710, 714 (9th Cir. 2007), citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000).

This policy is exemplified by the fact that a habeas petitioner can toll the time occupied by a second or successive state post-conviction case which is properly filed under state law from the AEDPA one-year limitation period. Hertz and Liebman, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE, § 5.2b, p. 275 (5th ed.), citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999), *cert. denied,* 528 U.S. 1084 (2000) ("It is undisputed that the time during which petitioner's second state application for post-conviction relief was pending should not be counted toward the limitation."). *See also Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998):

> [I]f a state allows petitioners to file second or subsequent petitions for postconviction relief, federal courts should not undermine the state's decision by refusing to toll the on-year period of limitation of § 2244(d)(1) where a second or subsequent petition is pending in the state court system. Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition . . . where permissible under state law, before seeking habeas review in federal court.

The state of Alaska has an additional vehicle for correcting the violations of Mr. Albert's federal right to effective assistance of counsel at trial, namely the availability of a second post-conviction case where the first one was constitutionally inadequate under state law. *Grinols v. State*, 74 P.3d 889 (Alaska 2003). In August, 2008, Mr. Allen filed a "*Grinols*-PCR" in Alaska Superior Court, alleging that he was deprived of a fair post-conviction process, and requesting that he be permitted to proceed with his post-conviction case. *Allen v. State*, 3AN-08-10050. *See* Exhibit 1. The Alaska Superior Court has appointed counsel to assist in Albert Allen's *Grinols*-PCR. *See* Exhibit 2, Order Appointing Counsel, dated April 1, 2009. (The state court had previously appointed other counsel in that case for Mr. Allen, but that agency had withdrawn.) Should Mr. Allen prevail in that case, this case will be moot. Mr. Allen will be given a new trial, and be able to put before the jury the critical missing witnesses to his self-defense claim. The doctrines of comity support the issuance of a stay, as does the doctrine of judicial economy.

Mr. Allen has not been dilatory in attempting to secure a fair trial in the Alaska courts. Mr. Allen has not engaged in "abusive litigation tactics or intentional delay," such as would justify rejection of his stay request. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). He has been tried three times on the same charges. He filed timely merit appeal and timely post-conviction relief actions.

*Albert Lee Allen v. Garland Armstrong*
Case No. 3:08-cv-0039-RRB-DMS                                                                                                                     Page 4

He filed this federal habeas case on February 26, 2008, only four months after the Alaska Supreme Court refused to review his state post-conviction relief case. He filed his state *Grinols*-PCR on August 15, 2008, within ten months after the denial of his petition for hearing in the Alaska Supreme Court. Mr. Allen's actions have been diligent and appropriate.

Mr. Allen has raised failure to investigate and ineffective assistance claims regarding his trial counsel that are non-frivolous, and that are supported by significant external evidence (including the affidavits of two attorneys and two investigators). This is not the kind of claim addressed in *Rhines v. Weber*, one which is so obviously frivolous that no stay should be granted. That there is good cause for Mr. Allen's return to state court and request for this stay is clearly supported by the record. Mr. Allen could not file a *Grinols*-PCR until after the Alaska Supreme Court denied his petition for hearing. Whether the state superior court would appoint counsel for him in his *Grinols*-PCR, and permit him to continue with that litigation, was not known by Mr. Allen at the time he filed this case. This is good cause for him to file a "protective petition" in the federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). If Mr. Allen had filed the *Grinols*-PCR first, and then waited for resolution of that case until he filed the federal habeas case, it is likely that the state would claim that he was barred from the federal filing under the one-year AEDPA statute of limitation.

Further, Allen's initial post-conviction case was dismissed in part because the attorneys representing him had filed a hearsay affidavit in support of it, and had not filed affidavits from the missing witnesses themselves. The state of the law in Alaska at that time may not have been completely obvious regarding this requirement – the Alaska Court of Appeals suggested as much in its decision on Allen's post-conviction case, and used Allen's appeal as an opportunity to state that the actual affidavits of the missing witnesses must be provided. *Allen v. State*, 153 P.3d 1019, 1026 (Alaska App. 2007). [Doc. 24-17, at p. 9.] It is possible that the initial state post-conviction litigation was impacted by some confusion regarding the law.

In addition, the state post-conviction court failed to understand seminal facts presented to it in the post-conviction case, as was expressly noted by the Alaska Court of Appeals in its decision on review. *Allen v. State*, 153 P.3d 1019, 1024 (Alaska 2007). [Doc. 24-17, p. 7.] Other mistakes had been brought to the post-conviction court's attention in a motion to reconsider, but the post-conviction court denied the motion.

This court has previously used the stay-and-abey procedure in cases where an Alaska prisoner is continuing his efforts to receive state post-conviction relief. In *Anthoney v. Pugh*, 3:00-cv-119-JWS-JDR, a state prisoner's habeas has been stayed to permit him to complete a *Grinols*-PCR in Alaska Superior Court. In *Carlson v. Luna*, 3:07-cv-165 RRB-DMS, a state prisoner filed a state post-conviction case only after he filed federal petition for habeas corpus. His federal case is stayed pending state post-conviction litigation.

Albert Allen respectfully submits that a stay is appropriate because the state court litigation regarding ineffective assistance at trial is ongoing. Allen asks for a stay, instead of for dismissal without prejudice, because it is highly likely that, if this court were to dismiss this case without prejudice, the state would subsequently argue that Allen's opportunity to file a later habeas case would be barred by the one-year deadline from the last state court action in Allen's initial post-conviction case. This would leave Allen without access to federal review all. The Ninth Circuit has held that a stay is "particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by [AEDPA]." *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003), *quoted in Jackson v. Roe*, 425 F.3d 664, 659 (9th Cir. 2005).

Allen respectfully requests that this court stay this litigation pending completion of his state post-conviction process. In the alternative, however, Allen would ask the court not to rule on this motion without first permitting Allen to oppose the state's Motion to Dismiss, upon which it so heavily relies in asserting that all of Allen's claims are unexhausted.

DATED this 17th day of April, 2009.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Averil Lerman
Staff Attorney
Alaska Bar No. 8309092
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
averil_lerman@fd.org

Certification:

I certify that on April 17, 2009, a copy of the foregoing document, with attachments, was served electronically on:

Kenneth Rosenstein, Esq.
Terisia Chleborad, Esq.

/s/ Averil Lerman