IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALBERT L. ALLEN,<br><br>    Petitioner,<br><br>vs.<br><br>GARLAND ARMSTRONG,<br><br>    Respondent. | No. 3:08-CV-00039-RRB-DMS<br><br>**ORDER REGARDING PETITIONER'S MOTION TO STAY HABEAS CASE AND HOLD IT IN ABEYANCE PENDING STATE COURT OUTCOME OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO STATE'S MOTION TO DISMISS [Docket 30]** |

**I. Procedural Background**

Petitioner Allen filed a petition for habeas relief in February of 2008. He filed a supplement to that petition at Docket 19 on October 15, 2008. His petition and supplement allege seven claims for relief relating to discovery, trial counsel, denial of a hearing during post-conviction, and sentencing. (Doc. 1, Doc. 19). Shortly thereafter, Respondent Armstrong filed a motion to dismiss all seven of these claims. (Doc. 24). He alleges in the motion that the claims in the petition have not been exhausted in state court and/or have been procedurally defaulted in state court.

**II. Motion Presented**

Before filing a response to the motion, Petitioner Allen filed this motion at Docket 30, asking for a stay and abeyance of the underlying federal habeas petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005). He informed the Court that he is seeking a secondary post-conviction relief proceeding in state court, challenging the constitutional adequacy of his first

1

post-conviction relief attorney under Grinols v. Alaska, 74 P.3d 889 (Alaska 2003). If successful in his Grinols challenge, according to Petitioner, he could reassert his claims for relief in state court again and thus this federal petition could become moot. Respondent Armstrong opposes the stay, arguing that this petition cannot be stayed because it is not a mixed petition. Alternatively, the Respondent argues that Allen has not shown the requisite good cause for the stay as required pursuant to Rhines v. Weber, 544 U.S. 269 (2005).

**III. Applicable Law**

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a habeas petition that contained both exhausted and unexhausted claims—a mixed petition—had to be dismissed pursuant to the "total exhaustion" rule set forth in Rose v. Lundy, 455 U.S. 509, 522 (1982). Under Rose, if a court found that a petition was mixed, the court had to dismiss the petition, but the petitioner could opt to return to state court in order to exhaust all the claims or to drop the unexhausted claims and submit an amended petition that only contained exhausted claims.

With the passage of AEDPA came a new one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). That one-year limitations period is tolled during the time that a properly filed application for state post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). It is not tolled during the time that the federal court reviews the petition. Rhines v. Weber, 544 U.S. 269, 274-75 (2005). That one-year limitations period combined with the "total exhaustion" rule in Rose, meant that a petitioner who had a mixed petition dismissed ran the risk of losing his opportunity for federal review. Id. at 275. The Supreme Court addressed that issue in Rhines v. Weber, 544 U.S. 269 (2005). In Rhines, the Court held that federal district courts have discretion

to stay a mixed habeas petition, rather than outright dismiss it, to allow the petitioner to present the unexhausted claims to the state court and then return to federal court for review of the perfected petition. Id. at 276. However, the Court noted that such discretion must be exercised in limited circumstances and held that a stay and abeyance is only appropriate when there is good cause for the petitioner's failure to exhaust and when the claims are not clearly meritless. Id. at 277. No good cause exists if the petitioner has deliberately engaged in dilatory tactics. Id. at 278.

The Supreme Court and the Ninth Circuit have not specifically defined the factors surrounding the good cause requirement set forth in Rhines. Some lower courts have applied an "excusable neglect" standard, looking at factors such as prejudice, length of the delay and its effect on efficient court administration, whether the delay was caused by factors beyond the control of the petitioner, and good faith. See Hernandez v. Yates, 2007 WL 2221058 (E.D. Cal. Aug. 1, 2007). And other lower courts apply the same good cause standard used in procedural default doctrine. See Carter v. Friel, 415 F.Supp.2d 1314, 1320 (D. Utah 2006); Hernandez v. Sullivan, 397 F.Supp.2d 1205, 1206-07 (C.D. Cal. 2005). It is clear, however, that a petitioner need not demonstrate "extraordinary circumstances" in order to be eligible for a stay. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Thus, good cause under Rhines is something less than extraordinary circumstances.

In Pace v. DiGuglielmo, 544 U.S. 408 (2005) the Supreme Court stated that "a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court." Id. at 416. In other words, the Court approved of the practice of filing a "protective petition" in a situation where the petitioner is

3

concerned that the state court will not accept his petition and thus the one-year statute of limitations would not be tolled under 28 U.S.C. § 2244(d)(2), causing him to run afoul of the federal statute of limitations.

## IV. Conclusion and Order

Based on a close review of the briefing and the fact that Petitioner's secondary post-conviction relief application is currently pending in state court, this Court concludes that a stay and abeyance is appropriate in this case.

The petition is eligible for a stay. While in his opposition, Respondent argues that none of the seven claims have been appropriately exhausted in state court and thus it is not a mixed petition eligible for a stay, Petitioner disagrees with that argument and does not concede that point. The Court has not made a formal ruling on the exhaustion issues in the motion to dismiss. The Petitioner requests that the case be stayed before filing an opposition to the motion. Thus, it is not clearly established or conceded by the Petitioner that all claims in the petition are unexhausted. Furthermore, based on this Court's initial review of the motion to dismiss, the petition is a mixed petition because even the Respondent asserts in the motion to dismiss that the sixth claim was denied on procedural grounds. (Doc. 24 at 10-12). The Respondent does not assert that Petitioner Allen failed to actually present the sixth claim to the state courts. Thus, while there may potentially be a procedural default issue to address, claim six is technically exhausted, making the petition a mixed one. See Coleman v. Thompson, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer "available to him."); Slutzker v. Johnson, 393 F.3d 373, 380 (3rd Cir. 2004) ("The exhaustion requirement

4

does not apply, however, in cases where the state courts would not consider the unexhausted claims because they are procedurally barred.").

This Court finds that there is adequate good cause to allow a stay and abeyance. After the Alaska Supreme Court denied his petition for hearing related to his first post-conviction relief application, Petitioner Allen had to decide whether to pursue additional options in state court under Grinols v. State, 74 P.3d 889 (Alaska 2003)—which allows a petitioner to challenge his representation during the first state post-conviction relief proceedings—or pursue federal habeas relief. He opted to file in both courts. In other words, the filing of this federal habeas petition was a protective petition to ensure that he did not pass the statute of limitations deadline while waiting to see if the state would accept his second post-conviction relief petition. Furthermore, as argued by Petitioner Allen, the state may argue that the statute of limitations period does not toll during this second post-conviction relief proceeding. As stated above, the Supreme Court recognized that such situations warrant the filing of a protective petition and present good cause for a stay and abeyance. Pace, 544 U.S. at 416. In addition, this Court finds that the claims are not obviously meritless and finds that Petitioner Allen has not otherwise engaged in delay tactics.

Petitioner Allen's attempt to seek relief in state court through a second post-conviction case, which is available in Alaska state courts pursuant to Grinols, could make this federal petition moot if he prevails in that state case. This Court finds that awaiting the outcome of the pending state litigation does not frustrate AEDPA's objective of encouraging finality of state court judgments because a stay allows Petitioner Allen to use all the state court options and verify that the state court decision is indeed final. Nor does it reward the filing of unexhausted claims because, in this particular case, this Court finds that Petitioner Allen has been aware of the

5

exhaustion requirement and filed this federal petition with those requirements in mind.

Therefore, Petitioner Allen's Motion to Stay Habeas Case and Hold it in Abeyance Pending State Court Outcome is HEREBY GRANTED. The federal petition is stayed and Counsel for Petitioner is directed to file a status report on or before **July 7, 2010**, updating the Court as to the status of the pending Grinols application.

Dated this 9th day of June, 2010, at Anchorage, Alaska.

/s/ Deborah M. Smith
DEBORAH M. SMITH
United States Magistrate Judge