IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALBERT ALLEN,<br><br>               Petitioner,<br><br>vs.<br><br>ARNALDO HERNANDEZ,<br>Superintendent, Spring Creek<br>Correctional Center,[1]<br><br>               Respondent. | No. 3:08-cv-00039-JKS<br><br>ORDER LIFTING STAY |

Albert Allen, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Allen is in the custody of the Alaska Department of Corrections ("DOC") and incarcerated at Spring Creek Correctional Center. This Court, through a previously-assigned district judge, twice stayed the instant proceedings to allow Allen to exhaust his claims in state court. The Alaska Supreme Court recently denied Allen's latest petition for hearing–thus completing the proceedings on Allen's third state post-conviction relief ("PCR") application. Respondent now moves to lift the stay and requests that the Court order Allen to respond to the Motion to Dismiss at Docket No. 24, which Respondent filed on February 2, 2009.

---

      [1]     Arnaldo Hernandez, Superintendent, Spring Creek Correctional Center, is substituted for Garland Armstrong, former Division Director, Alaska Department of Corrections. FED. CIV. R. P. 25(c).

-1-

I. BACKGROUND/PRIOR PROCEEDINGS

Allen was charged with the first-degree murder of Devron Labat following an altercation between the two. On direct appeal of his conviction, the Alaska Court of Appeal recounted the following facts underlying the charges against Allen:

> In the early morning hours of June 15, 1994, Devron Labat, Julie Yourell, and Mindy Famulski were driving around Anchorage. They decided to visit Allen's apartment to speak to him about a friend of theirs, Michelle Acquino. There was some tension between Labat and Allen, because Acquino had had intimate relations with both men.
> Yourell and Labat came to Allen's door. When Allen answered, Yourell asked him whether Acquino was present in the apartment. Allen replied that she was not. Yourell apparently did not believe Allen. At this point, Labat (who had been standing to one side) entered the doorway. It appeared to Allen that Labat was holding something behind his back.
> Allen repeated that Acquino was not there. In response, Labat threatened to kill Allen. Allen then heard a sound like the cocking of a handgun. Yourell encouraged Labat to "smoke" Allen (i.e., shoot him).
> Allen retreated into his apartment and closed the door. He called 911, but during his ensuing conversation with the emergency dispatcher, Allen told the dispatcher that he would handle the situation himself. At this point, Allen saw a shadow outside his bedroom window. Fearing that Labat was getting ready to shoot him, Allen retrieved a knife from his kitchen and then crawled out the bedroom window, knife in hand, to "see what was going on".
> As Allen patrolled the area outside his house, he discovered Labat kneeling by a parked truck. Labat ran away, and Allen gave chase. Eventually, Labat stopped running and turned to face Allen. Allen stabbed Labat; he then dropped the knife and began a hand-to-hand struggle with Labat. Labat died as a result of the stab wound, and Allen was indicted for first-degree murder.

*Allen v. State* ("*Allen I*"), 945 P.2d 1233, 1235 (Alaska Ct. App. 1997).

Allen's first trial ended with a mistrial. At his second trial, Allen claimed that he acted in self-defense, and that Labat was the first aggressor. In response, the State presented, over defense objection, evidence that Allen had acted violently on past occasions to support its theory that Allen was, in fact, the first aggressor. At the conclusion of trial, the jury found Allen guilty of first-degree murder. Through counsel, Allen appealed his conviction, arguing that: 1) the rules of evidence do not allow the introduce evidence of a defendant's bad character for violence, even after the defense has introduced evidence of the victim's character for violence, or alternatively, 2) even if the rules of evidence authorized the State to introduce evidence of

Allen's character for violence, Alaska Evidence Rule 405[2] limited the State to proving Allen's character by means of reputation or opinion evidence, and it barred the State from introducing evidence of specific instances of Allen's violence. The Court of Appeals agreed that Rule 405 barred the State's use of specific incidents of violence to prove Allen's character for violence. *Allen I*, 945 P.2d at 1243. It unanimously reversed Allen's conviction and remanded his case to the Superior Court for a new trial. *Id.*

Upon re-trial (the third trial), the jury convicted Allen of the lesser offense of second-degree murder. Again proceeding through counsel, Allen appealed that conviction on the grounds that: 1) the prosecutor tainted the jury panel during the jury selection process by suggesting that Allen would receive a lesser sentence if he were convicted of second-degree murder; 2) the trial court erred in refusing to grant him a continuance to prepare to answer newly-disclosed evidence; 3) the trial judge violated his constitutional rights by having contact with a juror outside of Allen's and his attorney's presence; 4) the jury instruction on self-defense precluded him from asserting that his fear of imminent danger arose from the actions of more than one person; and 5) his sentence was harsh and excessive. The Court of Appeals unanimously affirmed the judgment against Allen in a reasoned, published opinion issued on July 26, 2002. *Allen v. State ("Allen II")*, 51 P.3d 949, 961 (Alaska Ct. App. 2002). Allen sought rehearing of the decision, arguing that the Court of Appeals failed to address some of his

---

[2] That Rule provides as follows:

(a) Reputation or Opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation in any community or group in which the individual habitually associated or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) Specific Instances of Conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of conduct.

ALASKA R. EVID. 405.

-3-

challenges to his sentence. The appellate court granted rehearing, but adhered to its original upholding of Allen's 66-year sentence for second-degree murder. *Allen v. State ("Allen III")*, 56 P.3d 683, 685 (2002).

Allen then filed pursuant to Alaska Criminal Rule 35.1 a PCR application claiming ineffective assistance of counsel based on his trial attorneys' alleged failure to locate several witnesses. *See* https://records.courts.alaska.gov/ (Case No. 3AN-03-06451CI, the "First PCR Application"). After he was appointed counsel, counsel filed an amended application arguing that his trial attorneys were ineffective for failing to: 1) call certain defense witnesses to testify at trial in support of his self-defense/accident claim; 2) object to the self-defense instruction or submit a self-defense instruction that included language regarding the right to self-defense from multiple threats; 3) request a continuance when mid-trial discovery was disclosed; and 4) object to the trial judge's contact with a juror during deliberations outside the presence of Allen and counsel. Allen also alleged that the trial court imposed an illegal sentence by relying on facts not found by the jury beyond a reasonable doubt.[3] The Alaska Superior Court granted the State's motion to dismiss for failure to set forth a *prima facie* case for relief. Allen appealed the dismissal to the Alaska Court of Appeals, which affirmed. *See Allen v. State ("Allen IV")*, 153 P.3d 1019 (Alaska Ct. App. 2007). Allen petitioned for hearing, which the Alaska Supreme Court summarily denied. *See* https://appellate-records.courts.alaska.gov/ (Case No. S-12663).

In February 2008, Allen filed in this Court a *pro se* Petition for Writ of Habeas Corpus. Docket No. 1. After counsel was appointed, Docket No. 9, Allen filed an Amended Petition (Docket No. 19, "Petition") alleging seven grounds for relief, including his ineffective assistance claim relating to counsel's alleged failure to call three proposed witnesses at trial–Jim Snyder, Michelle Arms, and Michelle Estelle. Respondent moved to dismiss the Petition for failure to exhaust his state-court remedies as to counsel's failure to locate two of the potential defense witnesses–Snyder and Arms. Docket No. 24. In response, Allen moved for a stay of these

---

[3] *See Blakely v. Washington*, 542 U.S. 296 (2004).

proceedings, informing the Court that he was in the process of pursuing a second PCR application in state court challenging the adequacy of his attorney in the First PCR Application under *Grinols v. State*, 74 P.3d 889 (Alaska 2003).[4]  Docket No. 30.  This Court, through a previously-assigned district judge, granted the stay under *Rhines v. Weber*, 544 U.S. 269 (2005).[5]  Docket No. 39.

In state court, Allen claimed that: 1) his trial attorneys were ineffective for failing to procure Arms's testimony (but not Snyder's); and 2) his previous PCR attorney was ineffective for failing to prove the ineffectiveness of his trial attorneys.  *See* https://records.courts.alaska.gov/ (Case No. 3AN-08-10050CI, the "Second PCR Application").  The Superior Court dismissed the Second PCR Application for failure to state a *prima facie* case for relief.  The Court of Appeals affirmed the dismissal in a reasoned, unpublished opinion issued on November 21, 2012.  *See Allen v. State*, No. A-10904, 2012 WL 5893466, at *6 (Alaska Ct. App. Nov. 21, 2012).  The Alaska Supreme Court summarily denied Allen's petition for hearing on January 14, 2013.  *See* https://appellate-records.courts.alaska.gov/ (Case No. S-14983).

Upon completion of proceedings on the Second PCR Application, Allen moved in these proceedings for another stay and abeyance.  Docket Nos. 87.  In support of his stay application, Allen's second PCR counsel submitted an affidavit stating that she did not preserve the federal issues in those proceedings because she "was not guided by Petitioner's federal claims in selecting which issues [she] raised . . . in the *Grinols* petition."  Docket No. 87 at 1.  The Court granted the request and issued another stay of these proceedings.  Docket Nos. 108, 109.

Allen then filed a third *pro se* PCR application in 2014.  *See* https://records.courts.alaska.gov/ (Case No. 3AN-14-07560CI, the "Third PCR Application").  A new attorney was appointed, and an amended petition filed.  In that petition, Allen averred that his trial and PCR

---

[4] Under that precedent, criminal defendants in Alaska have a right to file a second PCR application against their attorney in a first PCR application.  *Grinols*, 74 P.3d at 889.

[5] In *Rhines*, the Supreme Court held that a district court has discretion to enter a stay of proceedings in "mixed" petitioner where any of the claims in a petition are unexhausted with state remedy potentially available.  544 U.S. at 274.

counsel were ineffective with respect to the failure to call Snyder, Arms, and Estelle at trial. Respondent moved to dismiss, and a counseled opposition was filed. After hearing argument, the Superior Court dismissed the amended application as *res judicata* and barred by Alaska Statute 12.72.020(a)(5).[6] Through a different attorney, Allen appealed the dismissal to the Court of Appeals. *See* https://appellate-records. courts.alaska.gov/ (Case No. A-12775). Counsel conceded that the Superior Court correctly dismissed his Third PCR Application, but he nonetheless argued that Allen was entitled to a remand because Allen's appointed attorney on that application was ineffective.[7] The Court of Appeal disagreed, and affirmed the Superior Court's dismissal in a reasoned, unpublished opinion issued on June 24, 2020. The Alaska Supreme Court denied Allen's petition for hearing on December 3, 2020. *See* https://appellate-records. courts.alaska.gov/ (Case No. S-17845).

## II. DISCUSSION

Respondent now moves the Court to issue an order lifting the stay of these proceedings and requiring Allen to file a response to the 2009 Motion to Dismiss Respondent at Docket No. 24. Docket No. 140. Allen opposes the request, stating that Allen "has since returned to state Superior Court to pursue additional post-conviction relief remedies in a fourth PCR application which would allow him to litigate claims that he has so far been denied an opportunity to present." Docket No. 141 at 2; *see* https://records.courts. alaska.gov/ (Case No. 3AN-20-07877CI, the "Fourth PCR Application").[8] The history of this case, however, shows that Allen has had more than adequate opportunity to raise the federal nature of his claims to the Alaska

---

[6] That stature bars PCR claims that have been "decided on its merits or on procedural grounds in any previous proceeding." AS 12.72.020(a)(5).

[7] *See Tazruk v. State*, 67 P.3d 687 (Alaska Ct. App. 2003) (remanding unsuccessful PCR applications where the petitioner's attorney was facially ineffective or intentionally avoided filing a no-merit certificate).

[8] A review of the state court record of those proceedings indicates that, since the parties completed briefing on Respondent's stay request, the Superior Court has now dismissed the Fourth PCR Application.

-6-

state courts through a fully-litigated direct appeal and three counseled PCR applications. As the Ninth Circuit has recognized, "routinely granting stays would undermine the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] goals of encouraging finality and streamlining federal habeas proceedings." *Blake v. Baker*, 745 F.3d 977, 981-82 (9th Cir. 2014). The interests of justice warrant the lifting of the stay here.

### III. CONCLUSION AND ORDER

The stay issued in this case for the express purpose of exhausting Allen's federal claims shall be lifted. Because more than a decade has passed since the filing of Respondent's 2009 motion to dismiss at Docket No. 24, the Court will grant Allen an opportunity to file an amended complaint rather than file a response to Respondent's 2009 motion to dismiss.

**IT IS THEREFORE ORDERED:**

1. The Motion to Lift the Stay at Docket No. 140 is **GRANTED**.

2. Counsel for Mr. Allen shall review the record, confer with Mr. Allen, and file: 1) a second amended § 2254 petition; 2) a notice that no amended petition will be filed; or 3) a notice that the petition is being withdrawn, within sixty (60) days from the date of this Order.

3. If Mr. Allen files an amended petition or elects to proceed on the Amended Petition at Docket No. 19, Respondent shall file and serve either an answer or a motion in response within sixty (60) days from the date of service of the amended petition or notice. *See* Rule 4, Rules Governing § 2254 Cases. The Court also notes its preference that procedural issues be addressed concurrently with the merits of the habeas petition. If not already provided to the Court, any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4 and 5, Rules Governing § 2254 Cases.

4. Counsel for Mr. Allen may file and serve an optional reply within thirty (30) days of service of Respondent's answer.

Dated: June 28, 2021.

s/James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge