IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALBERT L. ALLEN,<br><br>              Petitioner,<br><br>v.<br><br>JAMES MILBURN, Superintendent of Spring Creek Correctional Center,<br><br>              Respondent. | Case No. 3:08-cv-00039-RRB<br><br>**DECISION AND ORDER ON PETITIONER'S SECOND AMENDED MOTION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |

## I. INTRODUCTION

Before the Court is Petitioner Albert Allen's *Second Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* at Docket 155. Respondent James Milburn has filed an answer to Allen's petition[1] and Allen has replied.[2] For the reasons explained in this decision, Allen's petition will be denied.

## II. BACKGROUND

A more complete account of the history of this petition may be found in the Court's previous order at Docket 162.[3] To briefly summarize, Allen was convicted of first-

---

[1] Dockets 163 & 163-1.
[2] Docket 165.
[3] *See* Docket 162 at 1–5 & n.3, *also available at* 2022 WL 3701639.

degree murder in Alaska superior court in 1995 and received a 66-year prison sentence. However, the Alaska Court of Appeals overturned his conviction on the ground that the trial judge had erroneously allowed the prosecution to introduce specific evidence of Allen's prior bad acts to prove his character for violence.[4] The State re-tried Allen in 1999, with a new judge presiding. This time, the jury found Allen guilty of second-degree murder, although it acquitted him of first-degree murder. At sentencing, Allen asked the judge to impose a reduced sentence, asserting that his case satisfied several of the statutory mitigating factors set out in Alaska Stat. § 12.55.155(d). The judge refused, finding as a matter of fact for sentencing purposes that Allen's conduct had constituted first-degree murder. The judge concluded that Allen was among the most serious second-degree murder offenders, and he gave Allen a 66-year sentence identical to the one Allen had received for his original first-degree murder conviction.

Allen's conviction and sentence were affirmed on direct appeal.[5] Relevant here, Allen's direct appeal challenged the judge's factual findings at sentencing and claimed that his sentence was excessive. Allen asserted that, among other things, the judge had erred in rejecting Allen's proffered mitigating factors. The Alaska Court of Appeals disagreed, holding that the judge's sentencing findings were not "clearly mistaken" and that Allen's sentence was not excessive.[6] The court held that Allen's arguments regarding mitigating factors were "moot" because the statutory factors in Alaska Stat. § 12.55.155 do

---

[4] See *Allen v. State (Allen I)*, 945 P.2d 1233, 1239–43 (Alaska App. 1997).
[5] *Allen v. State (Allen II)*, 51 P.3d 949 (Alaska App. 2002); *Allen v. State (Allen III)*, 56 P.3d 683 (Alaska App. 2002) (rehearing).
[6] *Allen II*, 51 P.3d at 961.

*Allen v. Milburn*  Case No. 3:08-cv-00039-RRB
Order re Second Amended § 2254 Petition  Page 2
Case 3:08-cv-00039-RRB   Document 167   Filed 01/27/23   Page 2 of 10

not apply to crimes that are not governed by presumptive sentencing under Alaska law, such as murder.[7] Allen then filed a post-conviction relief (PCR) application in Alaska superior court, but the superior court denied it and the Alaska Court of Appeals again affirmed.[8]

In 2008, Allen filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court.[9] The Court appointed counsel to represent Allen in his petition.[10] Over the years, the Court twice has stayed proceedings in this case so that Allen could exhaust his state remedies by filing additional PCR applications in Alaska state court. Allen's petition originally asserted seven claims for habeas relief. However, Allen has since abandoned three of his claims,[11] and the Court has dismissed three others pursuant to Respondent's motion.[12] The Court now makes a decision on the merits of Allen's sole remaining claim.

### III. LEGAL STANDARDS

Section 2254 of Title 28 of the U.S. Code allows federal courts to "entertain" applications for writs of habeas corpus on behalf of "person[s] in custody pursuant to the judgment of a State court . . . on the ground that [they are] in custody in violation of the Constitution or laws or treaties of the United States."[13] "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings,

---

[7] *Allen III*, 56 P.3d at 684–85.
[8] *Allen v. State (Allen IV)*, 153 P.3d 1019 (Alaska App. 2007).
[9] Dockets 1, 19.
[10] Docket 9.
[11] *See* Docket 155 (2nd Amend. Pet.).
[12] Docket 162.
[13] 28 U.S.C. § 2254(a).

*Allen v. Milburn* Case No. 3:08-cv-00039-RRB
Order re Second Amended § 2254 Petition Page 3
Case 3:08-cv-00039-RRB   Document 167   Filed 01/27/23   Page 3 of 10

and any [other] materials submitted . . . to determine whether an evidentiary hearing is warranted."[14]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court cannot grant a § 2254 petition "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable determination of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[15]

## IV. DISCUSSION

In his petition's sole remaining claim, Claim 7, Allen asserts that the Alaska Court of Appeals' decision on his direct appeal violated his federal due process rights. Allen claims that the Court of Appeals "denied Allen meaningful review of his sentence" when it concluded that his arguments regarding statutory mitigating factors were "moot" and declined to consider them. Allen states that the Court of Appeals' decision "was particularly egregious [because] the sentence imposed on Allen for second-degree murder was identical to the sentence imposed on Allen (in the previous trial) for first-degree murder – despite the fact that Allen was acquitted of first-degree murder by the final jury." Allen asserts that the Court of Appeals should have held that the sentencing judge's actions

---

[14] Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.
[15] 28 U.S.C. § 2254(d).

*Allen v. Milburn* Case No. 3:08-cv-00039-RRB
Order re Second Amended § 2254 Petition Page 4
Case 3:08-cv-00039-RRB Document 167 Filed 01/27/23 Page 4 of 10

violated the U.S. Supreme Court's decision in *Apprendi v. New Jersey*,[16] which addressed whether facts that increase a sentence must be found by a jury instead of a sentencing judge.[17]

Respondent maintains that Claim 7 "fails at the first step" because "federal law does not guarantee 'meaningful review' even of a federal judge's reasons for imposing a particular sentence." Respondent points to caselaw establishing that neither federal nor Alaska appellate courts have the authority to review the lengths of criminal sentences that are within statutory limits. Respondent further asserts that even if the Court of Appeals had considered Allen's arguments, it still would have affirmed the superior court's sentence.[18]

The Court concludes that the record conclusively establishes the legal invalidity of Allen's claim. Controlling federal precedent establishes that "[w]here a state guarantees the right to direct appeal, . . . the state is required to make that appeal satisfy the Due Process Clause."[19] This constitutional rule imposes requirements on "the *procedures* used in deciding appeals."[20] At a minimum, the rule requires states to provide indigent criminal appellants with attorneys and transcripts of their trial court proceedings.[21] Allen

---

[16] 530 U.S. 466 (2000).
[17] Docket 155 at 22–24.
[18] Docket 163 at 7–11.
[19] *Coe v. Thurman*, 922 F.2d 528, 530 (9th Cir. 1990).
[20] *Evitts v. Lucey*, 469 U.S. 387, 393 (1985) (emphasis added); *see also, e.g.*, *Tamalini v. Stewart*, 249 F.3d 895, 902 (9th Cir. 2001) ("[B]ecause states are not required to provide appellate review at all, a convicted defendant has no Sixth Amendment rights on appeal . . . . If, however, the State elects to furnish an avenue for appeal, its *procedures* must comport with the Due Process and Equal Protection Clauses of the Fourteenth Amendment." (emphasis added)).
[21] *Evitts*, 469 U.S. at 393–94.

*Allen v. Milburn* — Case No. 3:08-cv-00039-RRB
Order re Second Amended § 2254 Petition — Page 5
Case 3:08-cv-00039-RRB   Document 167   Filed 01/27/23   Page 5 of 10

does not explain how, under existing precedents, the Court of Appeals' dismissal of his argument might have violated his procedural due process rights. Allen's mitigating-factor arguments before the Alaska Court of Appeals challenged the accuracy of the sentencing judge's factual findings. But the Court of Appeals declined to reach these arguments because, as a matter of Alaska law, "when a judge's authority to impose a particular sentence does not rest on the judge's findings concerning contested aggravating or mitigating factors, any challenges to the judge's findings are moot."[22] Allen fails to explain how, as a procedural matter, the court's decision violated his federal due process rights. Additionally, Allen has not provided any legal authority for the proposition that the federal Due Process Clause prohibits an appellate court from summarily rejecting a criminal appellant's argument, and the Court has discovered no such authorities in its own research.

Furthermore, Allen's citation to *Apprendi* is unavailing. In *Apprendi*, the U.S. Supreme Court held that the Sixth and Fourteenth Amendments jointly require that any fact—other than a prior conviction—that increases the penalty for a crime beyond its prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.[23] As Allen's reply memorandum concedes, Allen's case involved no such circumstances.[24] At the time of his sentencing, Allen faced a statutory range of 5 to 99 years for his second-degree murder conviction.[25] Therefore, when the sentencing judge

---

[22] *Allen III*, 56 P.3d at 685.
[23] *Apprendi*, 530 U.S. at 490.
[24] Docket 165 at 4.
[25] The Alaska Legislature has amended Alaska's felony sentencing statute many times since Allen's conviction in 1999. At present, Alaska's prescribed statutory penalty for second-degree murder is 15 to 99 years in prison, increased to 20 to 99 years in certain cases involving victims under the age of 16. *See* Alaska Stat. § 12.55.125(b).

*Allen v. Milburn*  Case No. 3:08-cv-00039-RRB
Order re Second Amended § 2254 Petition  Page 6
Case 3:08-cv-00039-RRB   Document 167   Filed 01/27/23   Page 6 of 10

decided to impose a 66-year sentence based on his factual finding that Allen's conduct had constituted first-degree murder, the judge's finding did not increase Allen's criminal penalty beyond the crime's prescribed statutory maximum. The finding merely was part of the judge's exercise of his discretionary authority within the bounds of the relevant Alaska state statute.[26] As such, the Alaska Court of Appeals' decision did not violate Allen's due process rights under *Apprendi*.

As a final matter, Allen's arguments regarding the substantive effect of the sentencing judge's findings do not warrant habeas relief. This argument, which Allen emphasizes in his reply memorandum, asserts fundamental unfairness in the length of Allen's sentence based largely on the fact that the sentencing judge found Allen's conduct to constitute first-degree murder despite Allen's acquittal on that charge.[27] Assuming for the purposes of this decision that Allen has properly raised and exhausted this claim,[28] the Court nevertheless concludes that such a claim has no legal validity. Allen raised the allegedly excessive nature of his sentence in his direct appeal, but the Alaska Court of Appeals expressly rejected his claim on its merits. Consequently, AEDPA would prohibit the Court from granting relief on such a claim unless Allen's petition demonstrated that the decision "was contrary to, or involved an unreasonable application of, clearly established

---

[26] *Cf. Apprendi*, 530 U.S. at 481 ("We should be clear that nothing in [the] history [of the common law] suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute.").
[27] *See* Docket 165 at 3–5.
[28] In his reply memorandum, Allen's arguments seem to shift toward challenging the legality of the sentencing judge's actions, not the appellate court's actions. *See* Docket 165 at 5–6. But based on Allen's filings, the Court's past orders have interpreted Claim 7 of Allen's petition as a challenge of the constitutionality of the appellate court's actions.

*Allen v. Milburn*  Case No. 3:08-cv-00039-RRB
Order re Second Amended § 2254 Petition  Page 7
Case 3:08-cv-00039-RRB   Document 167   Filed 01/27/23   Page 7 of 10

Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[29] Allen's petition makes no such demonstration, and it cites only a statement from three Supreme Court justices' dissent from a denial of *certiorari* to support his position.[30] To the contrary, however, controlling Supreme Court holds that a jury does not "necessarily reject" facts when it returns a not-guilty verdict, and a sentencing judge therefore is free to consider facts and conduct of which a defendant was found not guilty when imposing a sentence that otherwise is within statutory limits as long as the facts are proven by a preponderance of the evidence.[31] Therefore, even if Allen had properly preserved and asserted a claim regarding the length of his sentence and the judge's factual findings regarding Allen's conduct, the record would affirmatively establish the legal invalidity of such a claim.

For these reasons, the Court concludes that Claim 7, the sole surviving claim of Allen's § 2254 petition, will be denied.

## V. CERTIFICATE OF APPEALABILITY

Federal law prohibits appeals from denials of § 2254 and § 2255 motions unless a Certificate of Appealability has first been issued.[32] A Certificate of Appealability may issue only if "the applicant has made a substantial showing of the denial of a

---

[29] 28 U.S.C. § 2254(d).
[30] Docket 155 at 23.
[31] *United States v. Watts*, 519 U.S. 148, 155–57 (1997) (per curiam). The Ninth Circuit has held that the Supreme Court's subsequent decision in *United States v. Booker*, 543 U.S. 220 (2005), did not affect this core holding from *Watts*. *United States v. Mercado*, 474 F.3d 654, 656–57 (9th Cir. 2007).
[32] 28 U.S.C. § 2253(c)(1).

constitutional right."³³ To make such a showing, a habeas petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."³⁴

Based on its analysis of his § 2254 motion, the Court concludes that Allen has not made a substantial showing of a denial of a constitutional right. In the Court's view, reasonable jurists could not disagree with the Court's resolution of his claim, nor could they conclude that the issues he raises are "adequate to deserve encouragement to proceed further."³⁵ Therefore, a Certificate of Appealability shall not issue regarding this petition.³⁶

## VI. CONCLUSION

The Court concludes that the Alaska Court of Appeals' decision in Allen's case did not violate Allen's federal due process rights. Furthermore, Allen has not shown that that court's decision was contrary to or involved an unreasonable application of established Supreme Court precedent, nor that it was based on an unreasonable determination of the facts in light of the evidence presented.

Accordingly, Allen's petition is **DENIED**. The Clerk of Court is directed to close this case.

---

³³ 28 U.S.C. § 2253(c)(2).
³⁴ *Towery v. Schriro*, 641 F.3d 300, 311 (9th Cir. 2010) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
³⁵ *Id.* (quoting *Slack*, 529 U.S. at 484).
³⁶ The Court's ruling regarding a Certificate of Appealability does not prevent Allen from seeking a Certificate from the Ninth Circuit directly. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

*Allen v. Milburn*  Case No. 3:08-cv-00039-RRB
Order re Second Amended § 2254 Petition  Page 9
Case 3:08-cv-00039-RRB   Document 167   Filed 01/27/23   Page 9 of 10

Dated this 27th day of January, 2023, at Anchorage, Alaska.

                                                 */s/ Ralph R. Beistline*
                                                 RALPH R. BEISTLINE
                                                 Senior United States District Judge

*Allen v. Milburn*                                                                                              Case No. 3:08-cv-00039-RRB
Order re Second Amended § 2254 Petition                                              Page 10
Case 3:08-cv-00039-RRB    Document 167    Filed 01/27/23    Page 10 of 10